THE STATE, EX REL. BOARD OF EDUCATION OF BRATENAHL LOCAL SCHOOL DISTRICT, APPELLANT, *v.* STATE BOARD OF EDUCATION OF OHIO ET AL., APPELLEES.

(No. 78-802—Decided May 16, 1979.)

Messrs. *Arter & Hadden,* Mr. *Thomas V. Koykka,* Mr. *William S. Burton,* Messrs. *Chester, Saxbe, Hoffman & Willcox* and Mr. *John J. Chester,* for appellant.

Messrs. *Alexander, Ebinger, Holschuh, Fisher & Mc-Alister* and Mr. *John D. Holschuh,* for appellees.

*Per Curiam.* Bratenahl argues that the Court of Appeals erred when it dismissed its complaint *sua sponte,* by finding that *State, ex rel. Bd. of Edn., supra,* is *res judicata* to this action. In support of its contention, Bratenahl maintains that this court's decision in that cause dealt only with the narrow issue of whether the 1970 refusal of the state board to grant an additional exception was an "adjudication," whereas here they are attacking the October 1974 dissolution order, issued four years later.

The argument is without merit. This court in *State, ex rel. Bd. of Edn., supra,* stated in the syllabus as follows:

"1. The refusal of the State Board of Education to grant a local school district an additional exception to the requirements of R. C. 3311.29 does not constitute an 'adjudication' within the meaning of R. C. 119.01 (D).

"2. In the absence of an 'adjudication' as defined in R. C. 119.01 (D), the right to notice and hearing does not obtain and, consequently, in such a case the Court of Common Pleas of Franklin County lacks jurisdiction under R. C. 119.12 to review actions taken by a state administrative agency (*Fortner* v. *Thomas,* 22 Ohio St. 2d 13; *M. J. Kelley Co.* v. *Cleveland,* 32 Ohio St. 2d 150, approved and followed.)"

Therefore, since the Court of Common Pleas lacked subject matter jurisdiction to review the matter, the decisions of the appellate court, which held that the 1970 refusal of an additional extension was reviewable, were reversed.* The majority opinion in *State, ex rel. Bd. of Edn., supra,* then concluded, at page 178, "that the Bratenahl

Local School District was properly dissolved on July 1, 1970, by the state board."

The October 1974 dissolution order was the result of a R. C. Chapter 119 hearing, which was begun in response to the appellate court's decision which found the 1970 refusal to extend the time of dissolution to be an appealable order. However, this court in *State, ex rel. Bd. of Edn.*, *supra*, clearly held, in reversing the Court of Appeals, that the 1970 refusal was not an appealable order; and, therefore, quite properly concluded that the school district was dissolved as of July 1, 1970, pursuant to the unappealed and agreed upon 1968 order. Appellant's attempt to attack the October 1974 order of the state board through an extraordinary writ is without foundation. There simply was nothing to be dissolved in 1974. The fact that the state board initiated a R. C. Chapter 119 hearing, resulting in the 1974 dissolution order, cannot now be utilized to the prejudice of the state board. The reality of the situation is that it is immaterial whether the 1974 order is valid or invalid. The 1974 order is now nothing but a nullity.

The decision of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY JJ., concur.

LOCHER, J., concurs in the judgment only.

HOLMES, J., not participating because he was a Judge of the Court of Appeals which heard the original case involving the same parties.

---

*Even though this court denied certification of the record from the Court of Appeal's initial judgment which found the 1970 refusal to be reviewable, the court was not precluded from reviewing the issue in its decision in *State, ex rel. Bd. of Edn.*, *supra* (53 Ohio St. 2d 173). See paragraph two of the syllabus in *Pengelly* v. *Thomas* (1949), 151 Ohio St. 51.