**Ethan WILT et al., Plaintiffs-Appellants,**

v.

**STATE BOARD OF EDUCATION et al., Defendants-Appellees.**

No. 79–3580.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 21, 1979.

Decided Nov. 2, 1979.

William S. Burton, Arter & Hadden, David Hammond, Cleveland, Ohio, Alan Miles Ruben, Cleveland Marshall College of Law, Cleveland, Ohio, for plaintiffs-appellants.

John D. Holschuh, Alexander, Ebinger, Holschuh, Fisher & McAlister, Columbus, Ohio, for St. Bd. of Ed., Dept. of Ed. of Ohio, and F. B. Walter.

John M. Baker, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for Cleve. Bd. of Ed.

Before ENGEL and MERRITT, Circuit Judges and PECK, Senior Circuit Judge.

ENGEL, Circuit Judge.

The Bratenahl Local School District [hereinafter "Bratenahl"] was a small school district bordered on the north by Lake Erie and on all other sides by the Cleveland City School District. In 1967 the Ohio legislature enacted a law, codified as Ohio Revised Code § 3311.29 which provided that after July 1, 1968, any school district which did not maintain within its district public schools consisting of grades 1 through 12 inclusive would be dissolved and its territory joined with another school district or districts. At the time the statute was passed, the Bratenahl School District did not maintain a high school. In 1967 the Ohio State Board of Education required a minimum of 240 high school students for the creation of a high school. The Bratenahl district did not have this many students at the high school level and, therefore, it operated only grades 1 through 8. Under the terms of Ohio Rev.Code Ann. § 3311.29, therefore, Bratenahl would have ceased to exist as an independent school district on July 1, 1968, unless it was excepted from compliance under the authority which was granted the State Board of Education to "authorize exceptions to school districts where topography, sparsity of population, and other factors make compliance impracticable." Bratenahl's request for such an exception was denied.

Faced with the prospect of an immediate automatic dissolution on July 1, 1968, Bratenahl agreed with the Cleveland Superintendent of Schools that it would merge with the Cleveland School District on July 1, 1970, thus in effect receiving a two-year "grace period" in which to effect the change. This agreement was implemented by resolution passed both by Bratenahl on June 8, 1968, and by the State Board on June 10, 1968. During the period of negotiations between Bratenahl and the Cleveland School District, new state standards for the creation of high schools were being formulated. Effective July 1, 1968, the state regulations were changed to delete the 240 minimum pupil requirement and to substitute in place thereof a 55 course unit requirement for schools organized after July 1, 1968. Thus a high school would thereafter be in compliance with state regulations if it maintained 55 units, i.e., courses, in the high school regardless of the number of students enrolled.

While Bratenahl claimed that knowledge of this regulatory change was fraudulently withheld from it, we are unable to find support for any claim of deception in this regard. Be this as it may, Bratenahl claims that it had a right within the two-year grace period to create a 55-unit high school within its own district and thus, in effect, to rescind its agreement to join with the Cleveland School District. Litigation through the Ohio State courts was of no avail and in *State ex rel. Board of Education of Bratenahl Local School District v. State Board of Education,* 53 Ohio St.2d 173, 373 N.E.2d 1238, *cert. denied,* 439 U.S. 865, 99 S.Ct. 190, 58 L.Ed.2d 175 (1978) (Bratenahl I), the Supreme Court of Ohio expressly held that "[t]he Bratenahl Local School District was properly dissolved on July 1, 1970, by the State Board." *Id.,* 53 Ohio St.2d at 178, 373 N.E.2d at 1242.

It would serve no useful purpose to outline the extensive record of litigation which the Bratenahl School District pursued in the Ohio State courts in an effort to preserve its independent identity and to avoid annexation to the Cleveland School District. Any temporary advantage gained in the lower courts of Ohio was for all practical purposes finally lost when the Supreme Court of Ohio adjudicated that Bratenahl had merged with the Cleveland School District and hence had ceased to exist on July 1, 1970. The instant federal litigation is but a further effort to achieve that which failed of achievement in the Ohio courts.

In an action brought in the United States District Court for the Northern District of Ohio, the Bratenahl School District once more sought litigation of these issues by couching them in terms of denials of equal protection and due process under the Four-

teenth Amendment of the Constitution of the United States, seeking relief under the Civil Rights Act of 1871, 42 U.S.C. § 1985(3) and §§ 1981, 1982, and 1983–1988. In its action Bratenahl was joined by 12 individuals who were either Bratenahl taxpayers, students presently enrolled in the schools in Bratenahl, or former students of the Bratenahl school system, and who similarly claim that their civil rights have been violated by the compelled annexation of the Bratenahl School District to the Cleveland School District.

In an opinion rendered from the bench, United States District Judge John Manos entered summary judgment in favor of the defendants and against the plaintiffs on their complaint as filed. In so doing, he specifically ruled that the principles of *res judicata* controlled all of the issues except a conspiracy issue which had been raised by the plaintiffs in their complaint. Thus the court specifically applied *res judicata* to the following claims:

(1) That the August 1973 decision of the Franklin County Common Pleas Court is a final judgment in full force and effect, and that the consequent October 1974, "119" hearing was unconstitutional, mooted by Bratenahl II.

(2) That the State Board deprived the Bratenahl District of its real and personal property without due process, and that the denial of Bratenahl's funding has also been undertaken without due process of law.

(3) That the dissolution of the Bratenahl District was undertaken arbitrarily and to retaliate against Bratenahl for being "too good" and for challenging the State Board in court. Judge Krenzler held that Section 3311.29, Ohio Revised Code, is not arbitrary and that it serves a State interest and is constitutional.

(4) That the plaintiffs were deprived of due process because the State Board has not applied the September 30, 1975, amendment of Section 3311.29, Ohio Revised Code, to the Bratenahl District; mooted by the 1970 dissolution.

(5) That the refusal of the State Board to accredit Bratenahl Schools is unconstitutional; mooted by Bratenahl I and II because there is no need to accredit a school system which does not exist.

(6) That the plaintiffs will be deprived of a sound education by their transfer to an allegedly inferior and unsafe system; mooted because this claim was made by Bratenahl in its 1970 application for a continued exception which the Ohio Courts held was properly denied.

(7) That dissolution of the District without a taxpayer referendum is unconstitutional, unpersuasive because county ordinance authorizing a referendum is not applicable. The State Courts held Section 3311.29 was properly applied and that section gives no right to a referendum.

In addition to the foregoing claims, the plaintiffs have alleged that the defendants, Cleveland School District and the State Board of Education, conspired to deny the students of the Bratenahl School District a diverse racially integrated educational environment. This claim was based essentially upon findings made by Chief Judge Frank Battisti in *Reed v. Rhodes,* 455 F.Supp. 546 (N.D.Ohio 1978), that the Cleveland School District had been guilty of maintaining a dual, segregated system of education. As to this claim, Judge Manos held that the complaint failed to allege a claim upon which relief could be granted and he accordingly entered judgment in favor of the defendants, dismissing the complaint. This appeal followed.

■ Upon consideration, this court fully agrees with Judge Manos that the extensive record of litigation in the Ohio State courts is fully and completely dispositive of all claims made by the plaintiffs in the federal case except that of conspiracy. Plaintiffs may not simply re-litigate state issues under the guise of alleged and unsupported violations of federal constitutional rights. There was no showing whatever that the statute under which the school district was dissolved violated any federally guaranteed constitutional rights of the individual plaintiffs or of the plaintiff school district, nor was there any showing that the exercise of

the Board's discretion in declining to grant Bratenahl an exception to the statute was motivated by impermissible considerations or was otherwise invalid.

With respect to the claims of conspiracy, it is manifest that the efforts of Bratenahl to characterize the conduct of the State Board and the City defendants as discriminatory are wholly conclusory, and that plaintiffs have altogether failed in their burden to come forward with a showing that a genuine issue of fact existed with respect to their claim that the State Board and the City Board of Education are conspiring to merge the Cleveland and Bratenahl School Districts because of race. Neither do we know of any case law, nor have we been cited any, which holds that a merger of school districts under state law, which has the incidental effect of creating a more uniform racial mix of students, in itself spells out any form of constitutional grievance on the part of the students of one particular race. This is so even though the action of one school district may, in fact, be motivated by a need to desegregate under the compulsion of charges that it was operating a dual system. Accordingly,

The judgment of the district court is affirmed.