WISS, APPELLEE, *v.*
CUYAHOGA COUNTY BOARD OF ELECTIONS, APPELLANT.

[Cite as Wiss v. Bd. of Elections (1980),
61 Ohio St. 2d 298.]

(No. 79-1476—Decided March 12, 1980.)

Messrs. *Wegman, Hessler & Vanderburg* and *Mr. Daniel D. Wilt,* for appellee.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. David A. Williamson,* for appellant.

*Per Curiam.* As a resident and elector of the village of Bratenahl, appellee would be ineligible to be a member of the Cuyahoga County Board of Education under R. C. 3311.05 and 3311.052 *if* the Bratenahl Local School District has been dissolved and its territory merged with that of the Cleveland City School District.

The questions before the court are then: (1) Has the Bratenahl Local School District been dissolved; and, (2) if so, did the board of elections properly rule appellee's nominating petition invalid?

I.

The status of the Bratenahl Local School District has been the subject of extensive litigation, some continuing. *State, ex rel. Bd. of Edn.,* v. *State Bd. of Edn.* (1978), 53 Ohio St. 2d 173, certiorari denied, 439 U.S. 865 *(Bratenahl I); State, ex rel. Bd. of Edn.* v. *State Bd. of Edn.* (1979), 58 Ohio St. 2d 189 *(Bratenahl II); Wilt* v. *State Bd. of Edn.* (C.A. 6, 1979), 608 F. 2d 1126; *Stromberg* v. *Bd. of Edn.,* Cuyahoga County Ct. of App., Case No. 41011, pending.

A review of these cases shows that the status of the Bratenahl School District has been established and the same was dissolved on July 1, 1970, and the issue is *res judicata.*

In *Bratenahl I, supra.,* the court stated at page 178:

"***This court concludes that the Bratenahl Local School

District was properly dissolved on July 1, 1970, by the state board."

Appellee argues (correctly) that the law of a Supreme Court case is stated in the syllabus thereto and concludes (incorrectly) that since the quoted language is not in the syllabus, it is of no effect. The syllabus of a case must be read in light of facts in the case. In *Bratenahl I, supra,* the determination that the Bratenahl School District had been dissolved in 1970 was a *sine qua non* underpinning to the court's syllabus. Should there be any question concerning whether this court arrived at such a determination, it was dispelled by this court's blunt statement in *Bratenahl II, supra,* at page 190:

"The decision of this court, on March 22, 1978, in *State, ex rel. Bd. of Edn., supra* [*Bratenahl I, supra.*], held that the 1970 refusal of the state board to grant an extension was not 'appealable,' and that the school district was properly dissolved on July 1, 1970."

In *Wilt* v. *Bd. of Edn., supra,* the federal circuit court also found this issue to be *res judicata.*

Appellee insists that the Bratenahl controversy is still alive because the constitutionality of R. C. 3311.29, the statute empowering the state board to dissolve the Bratenahl School District, is under attack in *Stromberg, supra,* a case pending in the Cuyahoga County Court of Appeals.

This rationale for qualifying the Bratenahl issue as viable is tenuous at best. An allegation of unconstitutionality of a statute in a case pending in a lower court is not justification for overturning a determination twice made by this court.

## II.

R. C. 3311.052 requires that members of a county board of education are to be elected "* * *from the qualified electors *residing in the county school district territory,*" and "county school district" is defined in R. C. 3311.05, in part, as "[t]he territory within the territorial limits of a county, *exclusive of the territory embraced in any city school district* * * *." (Emphasis added).

Appellee has stated in his complaint that he is a "* * *qualified elector of the Village of Bratenahl, Ohio." Therefore, since the Bratenahl School District has been dissolved and its former territory merged with the Cleveland

City School District, appellee is ineligible to serve on the Cuyahoga County Board of Education.

In this case, the board of elections, *sua sponte*, reviewed the sufficiency of appellee's petition papers and found them wanting due to appellee's residence outside the territorial area of the office to which he sought election. Such spontaneous action by a board without a prior protest has been recognized by this court in *State, ex rel. McGinley*, v. *Bliss* (1948), 149 Ohio St. 329. This action by the board is authorized by the broad grant of power vested in it by R. C. 3501.11 which states:

"Each board of elections***shall:

"***

"(K) Review, examine, and certify the sufficiency and validity of petitions and nomination papers."

There is no requirement of notice and hearing in R. C. 3501.11(K) and this court has refused to read one into it. *McGinley, supra.*

Absent any allegation of fraud, it would seem incongruous to give a board of elections power to review nominating petitions without also giving it the right to disqualify a potential nominee when, on its face, his nominating petition indicates his ineligibility for the office that he seeks.

Accordingly the judgment of the Court of Appeals is reversed, and the writ of mandamus is denied.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.