66

(No. 69-272—Decided May 2, 1969.)

*Mr. Arthur M. Frutkin,* for relator.
*Mr. David D. Dowd, Jr.,* prosecuting attorney, and
*Mr. Jacob F. Hess, Jr.,* for respondents.

*Per Curiam.* This is an action in prohibition originating in this court. In this action, relator seeks to prohibit the Board of Elections of Stark County from placing on the May 6, 1969, ballot a referendum on a zoning resolution of the Township Trustees of Plain Township, Stark County.

Relator bases his argument principally upon the fact that the petitions do not contain circulators' affidavits, as required by Section 3501.38(E), Revised Code.

Section 3501.38, Revised Code, provides that:

"All declarations of candidacy, nominating petitions, or other petitions presented to or filed with the secretary of state or a board of elections *or with any other public office for the* purpose of becoming a candidate for any nomination or office *or for the holding of an election on any* issue shall, in addition to meeting the other specific requirements prescribed in the sections of the Revised Code relating thereto, be governed by the following rules:

"* * *

"(E) Every petition paper shall bear the affidavit of the circulator that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign and that every signature is to the best of his knowledge and belief the signature of the

person whose signature it purports to be." (Emphasis added.)

This section is applicable to a referendum on a township zoning resolution. See State, ex rel. Janasik, v. Sarosy, 12 Ohio St. 2d 5.

An examination of the petitions in the instant case shows that there is no circulator's affidavit of any kind on any of the petitions, nor are they signed by any person as circulator.

*Writ allowed.*

Matthias, O'Neill, Schneider, Herbert and Duncan, JJ., concur.

Taft, C. J., and Zimmerman, J., not participating.