THE STATE, EX REL. ZAHNEIS, *v.* BD. OF ELECTIONS OF
HAMILTON COUNTY ET AL.

[Cite as State, ex rel Zahneis, v. Bd. of Elections (1971),
27 Ohio App. 2d 233.]

(No. 11606—Decided April 19, 1971.)

*Mr. Vernon R. Brose,* for relator.
*Mr. Simon L. Leis, Jr.,* and *Mr. Robert W. Worth,* for
respondents.

*Per Curiam.* This is an original action wherein the
relator, Joseph Zahneis, seeks a peremptory writ of man-
damus requiring the respondents, members of the board
of elections of Hamilton county, Ohio to accept the dec-
laration of candidacy of the relator for the office of mayor
of the city of Cheviot, in Hamilton county, Ohio, in the
Republican primary election on May 4, 1971, and to cause
his name to be printed on the ballot.

The relator filed his complaint on March 16, 1971, al-
leging that on February 3, 1971, he filed his declaration of
candidacy with the respondents; that on February 8, 1971,
a protest was filed by Donald P. Bennett, incumbent Re-
publican mayor of the city of Cheviot, challenging the
sufficiency of the relator's declaration of candidacy; that
on March 1, 1971, a hearing was held by the respondents
on the protest lodged with it by Donald P. Bennett; that
on March 10, 1971, the relator was notified that his declara-
tion of candidacy was invalid and disallowed in its en-
tirety.

On April 14, 1971, the respondents filed their answer

in which they admitted certain procedural allegations in the complaint, and, then, by way of a defense, alleged: "[relator] * * * fails to state a claim against respondents upon which relief can be granted, for the reason that said complaint, on its face, avers that the circulator of the Petition for Candidate did not personally see two of the fourteen signatories sign said petition, which is in derrogation of the mandatory provisions of sections 3501.38, 3513.05 and 3513.07 of the Ohio Revised Code."

When this cause came on for hearing, counsel for the parties stipulated that the transcript of proceedings taken before the respondents, on March 1, 1971, would be filed and submitted to this court for its consideration of the evidence presented.

A review of the transcript of the evidence discloses that the declaration of candidacy, which is not in dispute herein, contains a petition for candidate which bears the signatures of fourteen persons purporting to be qualified electors residing in the city of Cheviot, Hamilton county, Ohio. This petition was circulated by Ferd J. Buening as circulator and as one of the fourteen signatories. Mr. Buening then appeared before William C. Ringhauser, a notary public in and for Hamilton county, Ohio, and in said notary's presence signed the petition on February 3, 1971, after swearing to the following oath:

"Ferd J. Buening, being first duly sworn, deposes and says that he is a qualified elector of the State of Ohio and resides at the address appearing below his signature hereto, that he is a member of the Republican Party; that he is the circulator of the foregoing petition paper containing 14 signatures; that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be."

It is admitted by the relator that two of the fourteen signatures were not signed or witnessed in the presence of the circulator of the petition who signed the affidavit quoted above. Six of the fourteen signatures appearing on the

declaration of candidacy were found to be invalid because they were not registered as to residency or party affiliation. Five of the fourteen signatures were found to be qualified to sign a declaration of candidacy.

It is the contention of the relator that since five valid signatures are sufficient in number to place him on the ballot, his declaration of candidacy should be accepted by the respondents regardless of the fact that two signatures on the declaration of candidacy were not witnessed by the circulator of the petition.

The real issue presented by the record herein is whether the circulator's failure to witness the affixing of each signature to the declaration of candidacy invalidates the entire petition or only the signatures he did not personally witness.

Attention is directed to R. C. 3501.38 which reads as follows:

"All declarations of candidacy, nominating petitions, or other petitions presented to or filed with the Secretary of State or a Board of Elections or with any other public office for the purpose of becoming a candidate for any nomination or office or for the holding of an election on any issue shall, in addition to meeting the other specific requirements prescribed in the sections of the Revised Code relating thereto, be governed by the following rules:

" . . . (E) Every petition paper shall bear the affidavit of the circulator that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be."

In 19 Ohio Jurisprudence 2d 71, Elections, Section 76, we find the following quotation on the subject of declaration of candidacy:

"The declaration of candidacy must be subscribed and sworn to by the candidate, and the circulator of a petition must swear that he is a qualified elector of the State and resides at the address appearing after his signature; that he is a member of a named political party; that he is the

circulator of the petition containing a certain number of signatures and that the signatures were written in his presence and are the signatures of the persons they purport to be."

The following citations support the conclusion that R. C. 3501.38 is mandatory and if not complied with a declaration of candidacy or the petition of a candidate is rendered void. The failure to comply with the statutes cannot be cured subsequent to the statutory date for filing, and the board of elections must reject such a declaration or petition.

*Koehler* v. *Board of Elections*, 125 Ohio St. 251; *State, ex rel. Allen,* v. *Board of Elections,* 170 Ohio St. 19; *State, ex rel. Gongwer,* v. *Graves,* 90 Ohio St. 311; *State, ex rel. Van Aken,* v. *Board of Elections,* 176 Ohio St. 105.

In *State, ex rel. Van Aken, supra,* the court held that where the relator's petition did not comply with the requirements of R. C. 3501.38, it cannot be said that the members of the board of elections abused their discretion in ordering the name of relator not to be printed on the ballot.

For the reasons presented herein, the complaint of the relator is denied, and the action of respondents in refusing to accept the declaration of candidacy of relator is affirmed.

*Writ denied.*

HESS, P. J., YOUNG and SHANNON, JJ., concur.