THE STATE, EX REL. LOSS, *v.* BOARD OF ELECTIONS OF LUCAS COUNTY ET AL.

(No. 72-160—Decided March 24, 1972.)

Mr. *Benjamin B. Durfee,* for relator.

Mr. *Harry Friberg,* prosecuting attorney, Mr. *William F. Boyle,* Mr. *John P. Kelly,* Miss *Dorothy F. Herbert* and Mr. *Harry G. Levy,* for respondents.

234

*Per Curiam.* The writ must be denied.

The form for declaration of candidacy in a party primary election for member of the State Central Committee is prescribed in R. C. 3513.07. This form was used by relator. The circulator's affidavit therein requires that the number of signatures he obtained be stated.

It is contended by relator that the insertion of the number of signatures in the circulator's jurat would only repeat what is readily observable by a count of the signatures themselves on the petition, and the failure to fill in this blank is insubstantial. Relator further argues that R. C. 3513.05 does not specifically require the circulator to set out the number of signatures in the petition.

However, R. C. 3513.05 does require of the circulator that he "shall affirm before a person authorized to administer an oath that each of the signatures affixed thereto is the signature of the person whose signature it purports to be, and that each of such signers affixed his signature in the presence of the circulator."

Moreover, as applicable to the type of petition involved herein, R. C. 3513.05 also requires that all signers do so in the "presence of a notary public or other official authorized to administer oaths, and such official shall certify thereon that each of such signatures was placed thereon in his presence." Thus, as to this type of petition the signature must be in the presence of both the circulator and the notary.

In our view, the requirement of R. C. 3513.07, that the circulator state in the jurat the number of signatures personally witnessed by him, is a protection against signatures being added later. As such, it is a substantial, reasonable requirement. It is the function of the legislative branch and not within our province to pass upon the wisdom of such a provision.

Relator has failed to comply with a statutory requirement in connection with his petition for candidate. The action of the board of elections in rejecting the petition was not an abuse of discretion or contrary to law. *State, ex rel. Reese,* v. *Bd. of Elections* (1966), 6 Ohio St. 2d 66. Under

the facts herein, the refusal of the Secretary of State to compel certification is likewise not contrary to law.

Accordingly, the writ of mandamus is denied.

*Writ denied.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.