THE STATE, EX REL. DIVERSIFIED REALTY, INC., ET AL., *v.* BD. OF TRUSTEES OF PERRY TOWNSHIP ET AL.

(No. 1024—Decided October 25, 1974.)

*Messrs. Huxley & Smith* and *Mr. Frances Leland Pico,* for relators.

*Mr. Joseph J. Baronzzi,* prosecuting attorney, for respondents.

LYNCH, P. J. This action originated when relators filed an application for a zoning change with the Perry Township Zoning Commission requesting a zone classification change from R-1 to R-3 for a 12.25 acre tract of land owned by them on the Lisbon-Salem Road (State Route 45) in Perry Township, Columbiana County, Ohio. The Perry Township Zoning Commission recommended relators' request to the Perry Township Trustees.

On May 16, 1974, pursuant to R. C. 519.12, the Perry Township Trustees held a public meeting upon the proposed zoning change. On May 28, 1974, the trustees voted two to one to deny the change. However, because the trustees did not unanimously reject the recommendation of the Zoning Commission, the recommendation in favor of the zoning change would have become effective thirty days after May 28, 1974, unless, in accordance with R. C. 519.12,

a referendum petition was presented to the township trustees within that time.

On June 24, 1974, which was within the thirty day limit, eight referendum petitions containing 187 names were filed with the Perry Township Trustees. By letter dated July 3, 1974, relators objected to the certifying of these petitions to the Board of Elections on three grounds: (1) None of the signatures on these petitions had the date of signing or the name of the township in which he resided as required by R. C. 3501.38(C); (2) None of the affidavits of the circulators attached to these petitions conformed with R. C. 3501.-38(E); and (3) The text of the referendum petition does not fairly and accurately present the question or issue to be decided in order to assure a free, intelligent and informed vote by the average citizen affected.

On July 16, 1974, the Perry Township Trustees certified the referendum petitions to the Columbiana County Board of Elections with instructions to place the issue of the zoning change on the November 1974 general election ballot. The clerk of the Columbiana County Board of Elections prepared a ballot to submit this issue of the change to the voters of Perry Township in the November 1974 general election, and returned the petitions to the Perry Township Board of Trustees. Neither the clerk nor the members of the Columbiana County Board of Elections examined and certified the sufficiency and the validity of these petitions. On September 24, 1974, the Columbiana County Board of Elections had a hearing at the request of relators and decided that they did not have the power or duty to review, examine and certify the sufficiency and the validity of the petitions involved herein.

By agreement of counsel, the sole issue before this court is whether the Columbiana County Board of Elections has the authority and duty to review and certify the sufficiency and validity of the referendum petitions at issue in this case. The Ohio Supreme Court has held that R. C. 3501.38 is applicable to all referendum petitions filed pursuant to R. C. 519.12. *Markus* v. *Bd. of Elections*, 22 Ohio St. 2d 197; *State, ex rel. Stillo,* v. *Gwin,* 18 Ohio St. 2d 66.

The pertinent parts of R. C. 3501.38 are as follows:

58

"(C) Each signer shall place on the petition after his name the date of signing and the location of his voting residence, including the street and number if in a municipal corporation or the rural route number, post office address, or township if outside a municipal corporation."

"(E) Every petition paper shall bear the affidavit of the circulator that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be."

In the 1971 Ohio Attorney General Opinions, the syllabus of opinion 71-052 reads as follows:

"A board of township trustees has a duty to determine whether petitions requesting a referendum on the zoning amendment filed with the board are valid on their face for presentation to the board of elections, but does not have power to inquire into other matters respecting said petitions."

R. C. 3501.11 provides, in part, as follows:

"Each board of elections shall exercise by a majority vote all powers granted to such board by Title XXXV (35) of the Revised Code, shall perform all the duties imposed by law, and shall: * * *

"(K) Review, examine, and certify the sufficiency and validity of petitions and nomination papers * * *."

We hold that the Columbiana County Board of Elections has the duty, pursuant to R. C. 3501.11(K), to review, examine and certify the sufficiency and validity of referendum petitions filed pursuant to R. C. 519.12. *State, ex rel. Janasik,* v. *Sarosy,* 12 Ohio St. 2d 5.

The writ of mandamus is allowed. The Clerk of Perry Township Trustees is ordered to deliver the referendum petitions in this case to the Columbiana County Board of Elections who shall review, examine and certify the sufficiency and validity of such referendum petitions prior to the date of the November 1974 general election.

*Writ allowed.*

DONOFRIO and O'NEILL, JJ., concur.