THE STATE, EX REL. BARTON, *v.* BUTLER COUNTY BOARD OF
ELECTIONS.

(No. 75-791—Decided October 29, 1975.)

*Messrs. Estabrook, Finn & McKee, Mr. Roland F. Eich-
ner* and *Mr. Thomas L. Czechowski,* for relator.

*Mr. John F. Holcomb,* prosecuting attorney, for re-
spondent.

*Per Curiam.* The issue presented is whether the inita-
tive question may be placed on the ballot despite failure of
the initiative petition to comply with R. C. 3501.38(E),
which reads as follows: "Every petition paper shall bear
the statement of the circulator made under penalty of elec-
tion falsification that he witnessed the affixing of every
signature, that all signers were to the best of his knowledge
and belief qualified to sign, and that every signature is to

the best of his knowledge and belief the signature of the person whose signature it purports to be.''

The board's position is that, inasmuch as the petition comports in all respects with R. C. 731.31,* there is no abuse of discretion in submission of the initiative question to the electors. The board's argument is that R. C. 731.31, as a specific statute applicable to initiative petitions in

---

*R. C. 731.31 reads as follows:

"Any initiative or referendum petition may be presented in separate parts, but each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or other measure, and each part of any referendum petition shall contain the number and a full and correct copy of the title of the ordinance or other measure sought to be referred. Each signer of any such petition must be an elector of the municipal corporation in which the election, upon the ordinance or measure proposed by such initiative petition, or the ordinance or measure referred to by such referendum petition, is to be held, and shall place on such petition, after his name, the date of signing, his place of residence, including street and number, and the ward and precinct. Each part of such petition shall contain the affidavit of the person soliciting the signatures thereto, which affidavits shall state the number of signers of each such part and that to the best of his knowledge and belief each of the signatures contained on such part is the genuine signature of the person whose name it purports to be, that he believes such persons are electors of the municipal corporation, and that they signed such petition with knowledge of the contents thereof. In determining the validity of any such petition, all signatures which are found to be irregular shall be rejected, but no petition shall be declared invalid in its entirety when one or more signatures are found to be invalid except when the number of valid signatures is found to be less than the total number required by this section.

"The petitions and signatures upon such petitions shall be prima facie presumed to be in all respects sufficient. No ordinance or other measure submitted to the electors of any municipal corporation, and receiving an affirmative majority of the votes cast thereon, shall be held ineffective or void on account of the insufficiency of the petitions by which such submission of the ordinance or measure was procured, nor shall the rejection, by a majority of the votes cast thereon, of any ordinance or other measure submitted to the electors of such municipal corporation, be held invalid for such insufficiency.

"Ordinances proposed by initiative petition and referendums receiving an affirmative majority of the votes cast thereon, shall become effective on the fifth day after the day on which the board of elections certifies the official vote on such question."

municipal corporations, prevails over R. C. 3501.38 which is a part of the general election statutes.

Section 1, Article VI of the charter of the city of Middletown specifically reserves initiative and referendum powers to the people, and states that "* * * such powers shall be exercised in the manner provided by the laws of the state of Ohio." R. C. 3501.38 acknowledges that other requirements exist in other sections of the Revised Code, which would include R. C. 731.31, and states that the requirements therein (R. C. 3501.38) shall be "in addition to * * * the other specific requirements prescribed in the sections of the Revised Code relating thereto * * *." Thus, R. C. 3501.38, by its own terms, is specific as to the imposition of additional requirements as to initiative petitions. The Middletown charter reference to "the laws of the state of Ohio," as governing the manner of exercise of initiative and referendum, makes R. C. 3501.38(E) applicable to the facts of this case

The determinative question as to whether the omission of the circulator's statement, which statement is required by R. C. 3501.38(E), invalidates the initiative petition herein is answered in the affirmative by *State, ex rel. Janasik,* v. *Sarosy* (1967), 12 Ohio St. 2d 5, and followed in *State, ex rel. Stillo,* v. *Gwin* (1969), 18 Ohio St. 2d 66. We hold that the inclusion of the circulator's statement as required by R. C. 3501.38(E) must be strictly complied with.

Relator's motion for summary judgment is hereby granted.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.