THE STATE, EX REL. HIRSCH, *v.*
LORAIN COUNTY BOARD OF ELECTIONS.

[Cite as State, ex rel. Hirsch, v. Bd. of Elections (1979), 65 Ohio App. 2d 160.]

(No. 2862—Decided May 2, 1979.)

*Mr. Kenneth C. Hamister,* for relator.

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. James G. Tassie,* for respondent.

MAHONEY, J.  Relator, Roland G. Hirsch, seeks a writ of prohibition against the Lorain County Board of Elections placing a certain initiative petition issue on the ballot in the city of North Ridgeville in the June 5, 1979, election.

*Facts*

The matter was submitted to the court upon an agreed statement of facts. In substance, the parties agree that the ap-

plicable provision of the city of the North Ridgeville Charter is:

" 'Section 13.4 General Provisions

" 'An Initiative, referendum or recall petition may be circulated in separate parts, but the separate parts shall be bound together and filed as one instrument. Each part shall contain in the case of the initiative or referendum, a full and correct copy of the title and text of the proposed or referred ordinance or resolution, and in the case of the recall, the name and office of the person whose removal is sought and a statement in not more than 200 words of the grounds for the removal. The manner of signing, the method of circulating, the form and requirements as to the affidavit, and the other requirements of the general law regulating initiative and referendum petitions, shall apply in the case in initiative, referendum and recall in this municipality, except as otherwise provided in this Charter.' "

The initiative petition was filed with the clerk of council on September 22, 1978. It consisted of a two page copy of the text of an ordinance with the caption and introductory paragraph as follows:

*"Initiative Petition*

"We, the undersigned, qualified electors of the State of Ohio, whose voting residence is in the county, city, village, ward, township or school district and precinct set opposite our names, present the following Initiative Petition to repeal from the Codified Ordinances of North Ridgeville Part Eleven-Planning and Zoning Code, subsection (a) of section 1125.04 of chapter 1125 that currantly [*sic*] reads as follows [.]"

The petition sought on the first page in the text to repeal an existing section of the zoning code and on the second page proposed to enact a new section in its place. The petition had 30 part-petitions attached. Each part-petition consisted of one page and, at its bottom, had an executed statement of the circulator similar to that provided in R. C. 3501.38(E). The part-petitions, as filed, did not contain a copy of the text or title of the proposed ordinance.

On January 31, 1979, the clerk of council certified the petition to the board of elections as containing sufficient signatures. On February 1, relator filed his protest.

The grounds were:

"1. That the sub-parts of the Petition do not contain a full and correct copy of the title and text of the proposed ordinance as required by R. C. Section 731.31.

"2. That each part of the Petition does not contain the affidavit of the person soliciting the signatures thereto, which affidavits shall state the number of signers of each such part and that to the best of his knowledge and belief each of the signatures contained on such part is the genuine signature of the person whose name it purports to be, that he believes such persons are electors of the municipal corporation, and that they signed such petition with knowledge of the contents thereof as required by R. C. Section 731.31.

"3. That said Petition does not set forth the title of the proposed ordinance as required by Section 13.4 of Chapter XIII of the Charter of North Ridgeville and as required by R. C. Section 731.31."

On February 12, the board conducted a hearing on the protest. At the hearing, the board accepted affidavits from each circulator. Those affidavits (1) stated that each part-petition had a copy of the title and the text of the proposed ordinance attached to the part-petition when it was circulated and (2) reaffirmed under oath their statements as circulators.

The board's minutes reflect that the clerk of council testified, when asked if these were the petitions she filed, "Yes, there were 30 petitions bound with a copy of the text as one bound instrument and this is what was filed with the Board."

On February 28, the board denied the protest, stating:

"***that since the Clerk of Council of the City of North Ridgeville, Ohio, accepted and certified the Initiative Petitions in question, that the said Board of Elections can do nothing but place the same on the ballot. Any recourse to be taken through the courts."

*Discussion*

R. C. 731.31 provides in pertinent part:

"Any initiative or referendum petition may be presented in separate parts, but each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance***. Each part of such petition shall contain the affidavit of the person soliciting the signatures thereto,

which affidavits shall state the number of signers of each such part and that to the best of his knowledge and belief each of the signatures contained on such part is the genuine signature of the person whose name it purports to be, that he believes such persons are electors of the municipal corporation, and that they signed such petition with knowledge of the contents thereof.***"

R. C. 3501.38 provides in pertinent part:

"All***nominating petitions, or other petitions presented to or filed with***a board of elections***for the purpose of ***holding of an election on any issue shall, in addition to meeting the other specific requirements prescribed in the sections of the Revised Code relating thereto, be governed by the following rules:

"***

"(E) Every petition paper shall bear the statement of the circulator made under penalty of election falsification that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be."

Thus, the issue becomes: Is R. C. 731.31 applicable? That statute requires an affidavit of the person soliciting the signature, as well as "a full and correct copy of the title and text of the proposed ordinance."

The city charter leaves the manner of signing, the method of circulating, and the form and requirements of the affidavit to the general law of Ohio. The general law of Ohio requires that the electors of municipalities comply not only with R. C. 3501.38, but also with R. C. 731.31. *State, ex rel. Evergreen Co.,* v. *Bd. of Elections* (1976), 48 Ohio St. 2d 29; *State, ex rel. Barton,* v. *Bd. of Elections* (1975), 44 Ohio St. 2d 33.

The initiative petition here lacks the affidavits required by R. C. 731.31. Also, the petition does not contain a full and correct title which is required by both the statute and the charter. It does, however, contain the necessary full and correct copy of the text of the proposed ordinance. The required affidavits cannot be supplied after filing. See R. C. 3501.38(I).

*Summary*

Accordingly, we find that the initiative petition does not

comply with the law and the issue should not be submitted to the electors of North Ridgeville.

Therefore, we order that the prayer of the relator's petition be granted and that a writ of prohibition is issued forthwith and served upon the board of elections prohibiting it from any further action toward submitting this issue on the ballot in North Ridgeville.

Judgment ordered as set forth above.

*Writ allowed.*

BELL, P. J., and VICTOR, J., concur.