**BROWN et al.**

v.

**WOOD COUNTY BOARD OF ELECTIONS.**

[Cite as *Brown v. Wood Cty. Bd. of Elections* (1992), 79 Ohio App.3d 474.]

Court of Appeals of Ohio,
Wood County.

No. 92WD032.

Decided April 23, 1992.

*Jennifer L. Brunner* and *Daniel T. Spitler,* for relators.
*Linda Holmes,* for respondent.

*Per Curiam.*

This is an original action in mandamus. Relators seek to compel respondents, the Wood County Board of Elections ("board") and its members, to certify and place upon the primary election ballot for the Fifth Congressional

District of Ohio the name of relator Edmund G. Brown as a candidate for the Office of President of the United States. Respondents have answered relators' complaint and, in so doing, the parties have admitted or stipulated to all the facts necessary for our decision.

The facts establish that relators are Edmund G. Brown, his campaign committee and candidates for the positions of delegates to the Democratic Convention who have pledged to support Brown in Ohio's Fifth Congressional District. Brown declared himself a candidate for the Democratic Nomination for the Office of President of the United States. Thereafter, the delegate relators circulated petition papers in Wood, Seneca, Ottawa, Sandusky, and Williams Counties in an effort to secure the requisite fifty signatures of qualified Democratic Party electors.

Relators filed five petition papers, one from each of the above counties, with the Wood County Board of Elections in Wood County, as required by R.C. 3513.05. The petitions contained a total of eighty-six signatures. Three of the petitions, including forty-four of the signatures, are conceded by the parties to be valid. Two other petition papers, one containing ten signatures of Democratic electors and one including eight signatures of Democratic electors, were declared to be invalid *en toto* by respondents.

The two disputed petition papers contained a pre-printed certification on the back of the form for the circulator to sign. The form had a blank space for the circulator to indicate the number of signatures on each petition paper. The circulators signed the forms but did not fill in the blank space to indicate the number of signatures thereon. Therefore, respondents declared the petitions to be invalid. As a result of respondents' action, relators, then, were left without the necessary fifty valid signatures.

At relators' request, the board convened a hearing to review its decision that the two petition papers were invalid.[1] At the hearing, the two circulators testified that they had personally witnessed each and every signature on the two petitions. Respondent Marsh, a member of the Wood County Board of Elections, then made a motion to accept the petitions. The motion was seconded and the matter was put to a vote. Two members of the board voted "no." One member was absent and one member abstained, ostensibly because he was himself a candidate to be a delegate for another Democratic party presidential candidate. The board rejected the petitions, thus excluding Brown from the ballot.

---

1. The validity of individual signatures is determined by the board of elections in the county where the signatures were gathered. All other matters affecting the validity of the petition papers are determined by the board of elections in the most populous county in the district. R.C. 3513.05.

Relators then filed their complaint in this court seeking to compel respondents to accept the petitions. Respondents answered and admitted the pertinent facts but denied that they were obliged to accept the petition papers. Also, respondents have moved for judgment on the pleadings. Civ.R. 12(C) provides for such a motion after the pleadings are closed but within such time as not to delay the trial. The motion is to be granted when, after viewing the allegations and reasonable inferences therefrom in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113.

Mandamus will lie where (1) the relator has a clear legal right to the relief sought, (2) the respondent has a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy at law. *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81. If, construing the allegations in the light most favorable to relators, the pleadings fail to establish any of these prerequisites, then judgment on the pleadings is appropriate.

Boards of elections consist of four members appointed by the Secretary of State to act as representatives of the Secretary of State and as election officials. R.C. 3501.06. The board of elections is authorized to review, examine and certify the sufficiency and validity of petitions and nominating papers. R.C. 3501.11(K). The board of elections may act *sua sponte*. *Wiss v. Bd. of Elections* (1980), 61 Ohio St.2d 298, 15 O.O.3d 357, 401 N.E.2d 445.

R.C. 3501.38(E), concerning nominating petitions, provides: "On each petition paper, the circulator *shall* indicate the number of signatures contained thereon. * * *" (Emphasis added.) Relators admit that the circulators failed to complete the form indicating the number of signatures thereon, but contend that the petitions should be accepted for two different reasons. First, relators contend that they substantially complied with the terms of R.C. 3501.08 and that substantial compliance is sufficient. However, the Ohio Supreme Court has clearly and succinctly held otherwise, stating: "We hold that the inclusion of the circulator's statement as required by R.C. 3501.38(E) must be strictly complied with." *State ex rel. Barton v. Bd. of Elections* (1975), 44 Ohio St.2d 33, 35, 73 O.O.2d 156, 157, 336 N.E.2d 849, 850. See, also, *State ex rel. Stillo v. Gwin* (1969), 18 Ohio St.2d 66, 47 O.O.2d 189, 247 N.E.2d 481; *State ex rel. Van Aken v. Duffy* (1964), 176 Ohio St. 105, 27 O.O.2d 1, 198 N.E.2d 76; *State ex rel. Zahneis v. Bd. of Elections* (1971), 27 Ohio App.2d 233, 56 O.O.2d 402, 273 N.E.2d 797. The requirement that the circulator state on the petition the number of signatures personally witnessed by him is a protection against signatures being added later. It is a substan-

tial, reasonable requirement. *State ex rel. Loss v. Bd. of Elections* (1972), 29 Ohio St.2d 233, 58 O.O.2d 488, 281 N.E.2d 186. Such a requirement is designed to protect the electorate from election fraud.

■ Based on the opinions of the Ohio Supreme Court, we must conclude that substantial compliance with R.C. 3501.38(E) is not sufficient; strict compliance is mandated. A circulator who has not indicated the number of signatures on the petition paper has not substantially complied with the statute. *State ex rel. Loss, supra.*

■ Second, relators contend [2] that any defect in the petition papers was cured by the circulators' subsequent testimony establishing that they had, in fact, witnessed each signature on the petitions. We disagree. R.C. 3501.38(I) provides: "no alterations, corrections or additions may be made to a petition after it is filed in a public office." Thus, the plain statutory language requires that validity of the petition itself must be apparent from the face of the document. See, also, *State ex rel. Hirsh v. Bd. of Elections* (1979), 65 Ohio App.2d 160, at 163, 19 O.O.3d 110, at 111, 416 N.E.2d 626, at 628 (affidavits required for the circulation of initiative petitions cannot be supplied after filing).

Therefore, after reviewing the complaint in mandamus, the answer and the stipulated facts, we must conclude that relators have failed to show that the respondents' refusal to certify the name of relator Brown was contrary to law

---

**2.** Relators additionally argue that the right of political association enjoyed by the Democratic Party causes the primary election process to be exempt from state law. Relators rely principally on *Cousins v. Wigoda* (1975), 419 U.S. 477, 95 S.Ct. 541, 42 L.Ed.2d 595. In that case, elected delegates to a party convention sought to enjoin other elected delegates from participating in the party's national convention. The basis of the suit was the allegation that the selection of delegates was not in accord with party rules. The Supreme Court held that the convention itself was the proper forum for determining intra-party disputes as to whether delegates should be seated. 419 U.S. at 491, 95 S.Ct. at 549, 42 L.Ed.2d at 605–606. However, the court did not hold, as relators suggest, that a state cannot impose regulations on the conduct of primary elections. Instead, the court held that a party may impose additional restrictions, beyond those imposed by state law, but the enforcement of those restrictions is not a function of the state courts. That is, the state may impose restrictions on how a primary election is to be conducted. If the party wishes to impose additional rules on its delegates it may do so, but the minimum standards imposed by state law must still be met.

A party may decide to forgo the primary election system and adopt an alternate method of selecting delegates. *Ferency v. Austin* (W.D.Mich.1980), 493 F.Supp. 683, affirmed (C.A.6, 1981), 666 F.2d 1023. However, when the parties opt to select delegates through a primary election system, conducted at considerable expense to the taxpayers of the state, the state may impose reasonable, rational, nondiscriminatory restrictions on that process. *Anderson v. Celebrezze* (1983), 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547.

and that relators have a clear legal right to the relief sought. Accordingly, the writ of mandamus is denied.

*Writ denied.*

GLASSER and SHERCK, JJ., concur.

RESNICK, J., dissents.

MELVIN L. RESNICK, Judge, dissenting.

I must respectfully dissent. In *State ex rel. Zahneis v. Bd. of Elections* (1971), 27 Ohio App.2d 233, 56 O.O.2d 402, 273 N.E.2d 797, a candidate for the office of mayor filed a petition including the circulator's affidavit required by R.C. 3501.38(E). Thereafter, a protest was lodged by the incumbent candidate who alleged that, despite the certification, the circulator had not witnessed each and every signature. In that case, as in this case, the board of elections convened a hearing to resolve the question of the validity of the petitions. The protestor presented extrinsic evidence that the circulator did not witness each and every signature on the petition. The board, therefore, declared the petitions to be invalid based on the extrinsic evidence presented. That decision was upheld by the Hamilton County Court of Appeals when the circulator's candidate sought mandamus to compel the board to accept the petition. If, as in *Zahneis*, extrinsic evidence can be accepted by the board to invalidate a petition and disenfranchise voters who favored the challenger, then I see no reason why, in this case, extrinsic evidence could not be utilized to render valid a facially invalid petition. Certainly it should not be simpler to disenfranchise than it is to encourage robust political debate. As indicated above, a state may impose reasonable restrictions on access to the ballot by a candidate. *Anderson v. Celebrezze* (1983), 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547. If the subpoena power of the board can only be exercised to deny access to the ballot and not to allow for a full slate of candidates, then I believe the procedure would be unreasonable. Therefore, in keeping with the general principle that state laws should be construed, if possible, to give them constitutional effect, I construe the provisions of R.C. Title 35 to allow for the presentation of evidence showing that the necessary signatures were obtained according to law, despite an incomplete certification by the circulator.

Moreover, I cannot find that this procedure is violative of R.C. 3501.38(I). The extrinsic proof presented at the hearing of the board did no more alter, correct or add anything *to the petition* than was done in *State ex rel. Zahneis v. Bd. of Elections, supra*. Certainly, if the board of elections has the authority and power to determine the validity of nominating petitions, that power, if as construed by the majority, is meaningless inasmuch as whichever action they may take pursuant to any extrinsic evidence, would under the

majority's reasoning be an addition, alteration, or correction of the petition pursuant to R.C. 3501.38(I).