JOURNAL ENTRY AND OPINION
{¶ 1} On June 16, 2003, the relator, James Cody, commenced this mandamus action against the respondents, Patricia Stahl who is the Clerk of the Bedford Heights Council and Charles Merchant who is the Law Director for Bedford Heights, to compel them "to submit the proposed ordinance contained in the [initiative] petition to the voters of the City of Bedford Heights at the next general election." (Prayer for relief in complaint.) On July 14, 2003, the respondents moved for summary judgment on the grounds that the initiative petition is invalid because the part petitions do not have the required circulator affidavits. On September 15, 2003, Mr. Cody filed his brief in opposition arguing estoppel. On September 22, 2003, the respondents filed a reply brief. For the following reasons, this court grants the respondents' motion for summary judgment and denies the application for a writ of mandamus.
 {¶ 2} Article XII of the Bedford Heights Charter governs initiative and referendum. Section 12.01.01, Procedure for Initiative, provides that an initiative petition is to be submitted to the Clerk-Treasurer of Council and must be signed by at least a certain number of registered voters in Bedford Heights. Section 12.04, Petitions, provides that each initiative or referendum petition may be circulated in separate parts, but must be bound together and filed as one instrument. Each such part petition must contain "a full and correct copy of the title and text of the proposed or objectionable ordinance ***" and bear the names of at least five registered electors who shall constitute the Petitioners' Committee. This section further requires that each part petition contain a circulator's affidavit, "stating the number of signers to such part of the petition, and that each signature thereon is the genuine signature of the person whose name it purports to be and was subscribed in the presence of the affiant."
 {¶ 3} Section 12.01.02, Referred to Committee, states that within twenty days after the filing of an initiative petition, the Clerk-Treasurer shall determine its sufficiency, and if the petition is sufficient, shall refer it to Council at the next regular meeting. Council shall then read the proposed ordinance and refer it to the appropriate committee which shall report its recommendations within forty-five days. Under Section 12.01.03 if Council fails to enact the proposed ordinance as submitted, "the Petitioners' Committee may require that it be submitted to a vote of the electors by filing with the Clerk-Treasurer a demand in writing within twenty (20) days after the final action on such ordinance or resolution by the Council. *** Council shall thereupon provide for submitting such ordinance or resolution to the vote of the electors."
 {¶ 4} Preparing and submitting petitions for referendum follow the same procedures. However, such petitions must be submitted within thirty days after the final passage of an ordinance or resolution by Council.
 {¶ 5} As culled from the materials submitted, Council and the Mayor had sought to obtain federal funds to expand the jail so that it could hold federal prisoners. However, Mr. Cody, who is also a Bedford Heights Councilman, thought at the very least that the electorate should directly vote on this matter. In late 2002, Mr. Cody submitted an initiative petition concerning expanding jail facilities in Bedford Heights to the Clerk of Council who rejected the petition as not being properly verified.
 {¶ 6} Mr. Cody also submitted a copy of the proposed petition to the Law Department and asked it to opine on whether there was "anything in the petition that was filed with the Clerk's Office to be circulated regarding the jail expansion that would prevent it from being a valid petition?" The Law Director, Respondent Merchant, replied that there were "two minor discrepancies" between the petition and Bedford Heights' Charter provisions: The proposed petition did not have a place to indicate the signer's voting precinct, nor did it have the required circulator affidavit, only a circulator statement, as provided under the Ohio Revised Code. The Law Director further stated: "These minor variances from the charter, which would prevail over state law, do not appear to be of such substantial nature that it would render the form of the petition invalid." (February 3, 2003 memorandum from Charles Merchant to James Cody, attached to Mr. Cody's September 15, 2003 brief in opposition.)
 {¶ 7} On May 17, 2003, Mr. Cody submitted an "Initiative Petition" on the state form to the Clerk of Council.[1] The proposed ordinance was entitled "Correctional Facility Expansion" and first sought to repeal Ordinance No. 2003-0007 which authorized the mayor to execute a cooperative agreement for federal funding for the expansion of the jail. The petition then sought to enact an ordinance preventing the expansion of the existing jail or the construction of a new jail without the vote of the electorate. This petition has a sufficient number of signatures. However, none of the part petitions had a required circulator affidavit; rather, they all had a circulator statement in which the signer swears to nothing. The Clerk then asked the Law Director to review the petition for legal sufficiency.
 {¶ 8} On May 27, 2003, the Law Director opined that the petition was not legally sufficient for the following reasons. First, this petition improperly joined an initiative petition with a referendum petition, the repeal of Ordinance No. 2003-0007; the Law Director opined that the Charter does not allow the combination of such petitions. Also the title of the petition was misleading because it was captioned only as an initiative petition and did not mention that was also a referendum petition. As a referendum petition, it was untimely. Final passage for Ordinance 2003-0007 was January 21, 2003, but the petition's submission date, May 17, 2003, was for more than thirty days after passage, as required by the Charter. Moreover, none of the part petitions had a required circulator affidavit. The circulator statements were not sufficient and rendered the petition invalid. (Attachment F of the complaint.) Therefore, the Clerk had no duty to refer the petition to Council. Accordingly, Respondent Stahl notified Council that the Law Director had opined that the petition was legally insufficient and "no further action need be taken ***." (May 27, 2003 Memorandum from Patricia Stahl, attached to complaint.)
 {¶ 9} On June 12, 2003, the Petitioners' Committee, the Committee for a Better Bedford Heights, relying on Section 12.01.03 of the Charter, submitted a written demand to Respondent Stahl to place the subject initiative ordinance on the November 4, 2003 ballot. The next day the Committee sent a similar demand to the Law Director. In response the Law Director informed the Committee through a letter to Mr. Cody that because the prerequisite of a legally sufficient petition was not fulfilled, Section 12.01.03 did not apply and there was no duty to take any further action on the petition. (Exhibits D, E and F to the complaint.)
 {¶ 10} This application for a writ of mandamus followed.
 {¶ 11} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State exrel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. Cleveland Boardof Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and Stateex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 12} The failure to have the circulator affidavits on the part petitions renders the petition invalid. The Supreme Court of Ohio has long and consistently held that the laws governing elections are mandatory and must be strictly complied with. Stateex rel. Minor v. Curtis, Deputy State Supervisors of Electionsfor Erie Cty. (1920), 101 Ohio St. 383, 130 N.E. 18; Koehler v.Bd. of Elections of Butler Cty. (1932), 125 Ohio St. 251,181 N.E. 107;[2] and State ex rel. Abrams v. Bachrach (1963),175 Ohio St. 257, 193 N.E.2d 517.[3]
 {¶ 13} Specifically, the Supreme Court has repeatedly ruled that the failure to have a required circulator affidavit invalidates an initiative or referendum petition. In State exrel. Ditmars v. McSweeney, 94 Ohio St.3d 472, 2002-Ohio-997,764 N.E.2d 971, the Columbus Charter required that initiative petitions have circulator affidavits, not merely circulator statements. The subject initiative petitions did not have affidavits, and the Supreme Court ruled that because the provisions of the charter prevailed over state law, the initiative petition was insufficient and invalid. Similarly, inState ex rel. Van de Kerkhoff v. Dowling (1991),61 Ohio St.3d 55, 572 N.E.2d 653, the court ruled that a referendum petition was insufficient because it failed to comply with the city charter requirement of circulator affidavits. See, also, State exrel. Evergreen Co. v. Bd. of Elections of Franklin Cty. (1976),48 Ohio St.2d 29, 356 N.E.2d 716; and State ex rel. Macko v.Monzula (1976), 48 Ohio St. 35, 356 N.E.2d 493. Cf. State ex rel.Barton v. Butler Cty. Bd. of Elections (1975), 44 Ohio St.2d 33,336 N.E.2d 849 — failure to comply with requirement of circulator statement rendered initiative petition invalid.
 {¶ 14} In response Mr. Cody argues that the respondents are estopped from raising the circulator affidavit requirement because Mr. Merchant had opined to him that the difference between the circulator affidavit and the circulator statement was only a minor variance which would not render the form invalid. This argument is unpersuasive. First, the authorities he cites do not support his argument. Hill v. Cuyahoga Cty. Bd. of Elections
(1981), 68 Ohio St.2d 39, 428 N.E.2d 402, stands for the proposition that the clerical error of stating the wrong date of the general election may be such a minor defect that it would not invalidate the petition. It does not stand for the principle that estoppel may be applied against the state or its agents. In Stateex rel. Committee for the Referendum of Ordinance No. 3543-00 v.White, 90 Ohio St.3d 212, 2002-Ohio-64, 736 N.E.2d 873, the law director did give conflicting opinions on the sufficiency of a referendum petition. However, the law director's role was considered not for purposes of estoppel, but for purposes of determining whether laches barred the mandamus action. Second, the Supreme Court of Ohio has ruled that estoppel does not apply against election officials in the exercise of governmental functions. Ditmars, 94 Ohio St.3d at 476; Dowling,61 Ohio St.3d at 59 and State ex rel. Barletta v. Fersch, 99 Ohio St.3d 295,2003-Ohio-3629, 791 N.E.2d 452.
 {¶ 15} Additionally, there are other doubts about the validity of the petition which preclude the issuance of a writ of mandamus. The petition is characterized as an "Initiative Petition." However, it also seeks the repeal of an ordinance, and is, thus, a referendum petition. The petition fails properly and immediately to alert signers as to its full nature. In State exrel. Esch v. Lake Cty. Bd. of Elections (1991),61 Ohio St.3d 595, 575 N.E.2d 835, the Supreme Court of Ohio affirmed the invalidity of an initiative petition over the failure to title it properly.
 {¶ 16} Furthermore, to the extent the petition is a referendum petition it is untimely and, thus, invalid. Charter Provision 12.02.01 requires that the complete referendum petition be submitted within thirty days after the final passage by Council. From the complaint and its attachments it is clear that the petition was submitted well after thirty days from the passage of Ordinance No. 2003-0007. Again, the respondents had no duty to submit the proposed petition to Council or take any further action on it, because it was invalid.
 {¶ 17} Finally, it appears that named respondents and the relief sought are misaligned. Under the Charter the Clerk has the duty to submit petitions to Council and to inform Council that the Petitioners' Committee demands that the sufficient, but rejected, ordinance be put on the ballot; Council has the duty for submitting such ordinance to the vote of the electors. However, Mr. Cody has not named Council as a respondent, but he is seeking to compel the Clerk and the Law Director to put the proposed ordinance on the ballot. Either he is seeking the wrong relief from the named respondents, or he has not named the proper respondents.
 {¶ 18} In conclusion the respondents had no duty to take any further actions on the subject petition, because the petition was invalid. It did not have the required circulator affidavit. Its caption was misleading, and to the extent it was a referendum petition, it was untimely. Accordingly, the court grants the respondents' motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Anne L. Kilbane, P.J., and Timothy E. McMonagle, J., Concurs.
[1] The attachments to the complaint indicate that Mr. Cody filed a properly verified copy of the proposed ordinance with the Clerk of Council on March 17, 2003.
[2] The failure of signers for a nominating petition to subscribe and swear timely before a notary invalidated the petition.
[3] In Abrams the initiative petitions were invalid because the circulators' affidavits did not have a statement that the petition's signers had knowledge of its content.