OPINION
{¶ 1} Plaintiff-appellant, Timothy Feagin ("appellant"), appeals the judgment of the Ohio Court of Claims, in which that court dismissed appellant's complaint filed against defendant-appellee, Mansfield Correctional Institution ("appellee"). In addition, appellee has filed a motion to strike Appendices A, B and C attached to appellant's brief. *Page 2 
 {¶ 2} This case began on March 6, 2006, when appellant, through counsel, filed a complaint in the Ohio Court of Claims against appellee, asserting claims for wrongful discharge, violation of the Family and Medical Leave Act, and wrongful discharge in violation of public policy. Of particular importance, appellant alleged that his employment with appellee was terminated on or about June 25, 2003. (Complaint, ¶ 14.)
 {¶ 3} On September 20, 2006, appellee filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C). In support thereof, appellee argued that the applicable statute of limitation barred appellant's causes of action. Appellant's counsel failed to file a written response to the motion and never moved the court for leave to file an amended complaint. Finally, after twice granting a continuance at appellant's counsel's request, the court held an oral hearing. Thereafter, the court granted the motion for judgment on the pleadings, and dismissed the complaint.
 {¶ 4} Appellant timely appealed and advances a single assignment of error for our review:
 THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT WHERE IT WAS AWARE THAT THE ACTION HAD BEEN PREVIOUSLY FILED AND DISMISSED OTHER THAN ON THE MERITS.
 {¶ 5} We begin by observing that Civ.R. 12(C) provides, "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted. Whaley v. Franklin Cty. Bd. of Commrs. (2001),92 Ohio St.3d 574, 581, 752 N.E.2d 267. *Page 3 
 {¶ 6} A motion for judgment on the pleadings is to be granted when, after viewing the allegations and reasonable inferences therefrom in the light most favorable to the non-moving party, it is apparent that the moving party is entitled to judgment as a matter of law. Brown v. WoodCty. Bd. of Elections (1992), 79 Ohio App.3d 474, 477, 607 N.E.2d 848, citing Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166,63 O.O.2d 262, 297 N.E.2d 113. In order to grant the motion, the trial court must find beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief.Walk v. Ohio Supreme Court, Franklin App. No. 03AP-205, 2003-Ohio-5343, ¶ 5, citing State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570, 664 N.E.2d 931.
 {¶ 7} A motion for judgment on the pleadings is specifically intended for resolving questions of law. Friends of Ferguson v. Ohio ElectionsComm. (1997), 117 Ohio App.3d 332, 334, 690 N.E.2d 601. Accordingly, appellate review of motions for judgment on the pleadings under Civ.R. 12(C) is de novo. Fontbank, Inc. v. CompuServe, Inc. (2000),138 Ohio App.3d 801, 807, 742 N.E.2d 674.
 {¶ 8} In this case, the Court of Claims dismissed the complaint as time-barred under R.C. 2743.16. Paragraph (A) of that section provides, in relevant part, "civil actions against the state * * * shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." The parties do not dispute that, pursuant to R.C. 2743.16(A), appellant was required to commence his action no later than two years from the date upon which his employment was terminated. Because appellant's March 6, 2006 *Page 4 
complaint was filed more than two years after his June 25, 2003 termination, the trial court determined that his complaint was time-barred.
 {¶ 9} In support of his assignment of error, appellant argues that the trial court erred in granting the motion to dismiss because the court was "aware" that appellant had previously asserted the same claims in an action that he filed on May 6, 2005, in the Richland County Court of Common Pleas, and that that court had dismissed the action for lack of subject matter jurisdiction. Appellant argues that because he filed the first complaint within the two-year statute of limitation, his action is not time-barred and the Court of Claims should not have dismissed the complaint.
 {¶ 10} The record reveals, however, that the pleadings are devoid of any reference to appellant having previously filed the same complaint. Appellant does not dispute that the pleadings contain no such reference, and admits that he did not respond in writing to the motion to dismiss, or seek leave to amend his complaint. Appellant's counsel made the Court of Claims "aware" of the alleged previous filing only by orally advising the court of same during the hearing on the motion for judgment on the pleadings. However, in ruling on a Civ.R. 12(C) motion for judgment on the pleadings, "[t]he trial court may only consider the statements contained in the pleadings and may not consider any evidentiary materials." Moore v. Rickenbacker (May 3, 2001), Franklin App. No. 00AP-1259, 2001 Ohio App. LEXIS 1973 at *3; see, also, State ex rel.Midwest Pride IV, Inc. v. Pontious, supra.
 {¶ 11} In its judgment entry, the Court of Claims acknowledged that appellant's counsel had alleged a previous filing, but explained: *Page 5 
 A Civ.R. 12(C) motion presents only questions of law * * * In determining the motion * * * [t]he court may consider only the statements contained in the pleadings, and may not consider any evidentiary materials.
 Upon consideration, the court finds that, even construing the pleadings in a light most favorable to plaintiff, no material issues of fact exist. Plaintiff's complaint was clearly filed beyond the two-year statute of limitations. Plaintiff did not allege in the pleadings that he had filed an action in the Richland County Court of Common Pleas nor did he assert any facts from which an inference could be drawn that the R.C. 2305.19 "savings" statute applies to this action.
 The complaint was filed on March 6, 2006, and defendant's motion was filed on September 20, 2006. At no time prior to the January 4, 2007, oral hearing did plaintiff relate any information concerning a prior lawsuit, when it might have been filed, or when it might have been dismissed. Therefore, the face of pleadings demonstrate that plaintiff's action was not timely filed in accordance with R.C. 2743.16(A), and defendant is entitled to judgment as a matter of law.
 {¶ 12} When the face of a complaint indicates that it is statutorily barred, judgment on the pleadings is properly entered. Peterson v.Teodosio (1976), 34 Ohio St.2d 161, 174, 63 O.O.2d 262, 297 N.E.2d 113. Applying this principle, the court in Allstate Ins. Co. v. Stanley (Mar. 8, 1996), Licking App. No. 95 CA 99, reversed the denial of a motion for judgment on the pleadings when the face of the complaint indicated that it was time-barred, despite the plaintiff's protestations that it intended to utilize the saving statute because it had previously filed the complaint and the same had been dismissed.
 {¶ 13} Applying the same rationale in the present case, we find no error in the trial court's grant of the motion for judgment on the pleadings because, when viewed in the light most favorable to appellant, the allegations in the complaint and reasonable inferences therefrom make it clear, beyond doubt, that appellant can prove no set of facts *Page 6 
in support of his claims that would entitle him to relief. Accordingly, the trial court correctly dismissed appellant's complaint on that basis.
 {¶ 14} Appellee's motion to strike requests that we strike Appendices A, B and C to appellant's brief. These attachments purport to evidence appellant's previous filing in the Richland County Court of Common Pleas. In light of our disposition of appellant's assignment of error, the motion to strike is overruled as moot.
 {¶ 15} Appellant's single assignment of error is overruled and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
 TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1