[Cite as *Chine v. Mahoning Cty. Bd. of Elections*, 2011-Ohio-5574.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LOUIS CHINE JR., | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| VS. | ) | CASE NO. 11-MA-168 |
| | ) | |
| MAHONING COUNTY BOARD OF | ) | OPINION |
| ELECTIONS, | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Mandamus

JUDGMENT:                                    Dismissed

APPEARANCES:
For Petitioner                                 Attorney Robert Rohrbaugh
                                                      4800 Market Street
                                                      Suite A
                                                      Boardman, Ohio 44512

For Respondent                             Attorney Gina Bricker
                                                      Assistant Prosecutor
                                                      21 West Boardman Street
                                                      5th Floor
                                                      Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: October 24, 2011

PER CURIAM.

**{¶1}** Relator Louis Chine, Jr. has filed a petition for a writ of mandamus against respondent Mahoning County Board of Elections. Chine seeks to compel the board to certify him as a candidate in the November 8, 2011 election for the Austintown Local School Board. The board rejected Chine's petition for candidacy because the number of verified signatures was less than the number of signatures appearing on the petition. The number of verified signatures was fifteen when the petition actually contained a sixteenth signature that appeared outside the marked area of the petition designated for signatures. The board has filed a motion to dismiss this action, both on procedural and substantive grounds.

### *Procedural Deficiencies*

**{¶2}** This court is vested with jurisdiction to hear an original mandamus action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. There are three specific requirements for the filing of an application for a writ of mandamus. The application (1) must be by petition, (2) in the name of the state on the relation of the person applying, and (3) verified by affidavit. R.C. 2731.04. Here, as the board points out, Chine's petition does not meet the second and third requirements – it was not captioned in the name of the state on the relation of the person applying and it was not verified by affidavit.

**{¶3}** Chine's failure to verify his mandamus petition by affidavit, as required by R.C. 2731.04, is not a fatal defect by itself since the verification requirements contained in R.C. 2731.04 have been displaced by Civ.R. 11. *State ex rel. Madison v. Cotner* (1981), 66 Ohio St.2d 448, 449, 20 O.O.3d 381, 423 N.E.2d 72; *State ex rel. Clark v. Krichbaum*, 7th Dist. No. 07-MA-66, 2007-Ohio-3185, ¶10.

**{¶4}** However, Chine's failure to caption his mandamus action in the name of the state on the relation of the person applying is a different matter. If a respondent alerts a relator of his or her failure to properly caption a mandamus action and the relator does not seek leave to amend his or her complaint to comply with R.C. 2731.04, the mandamus action must be dismissed. *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶36, citing *Litigaide, Inc. v. Lakewood Police Dept. Custodian of Records* (1996), 75 Ohio St.3d 508, 664 N.E.2d

521. Here, the board of elections alerted Chine of his failure to properly caption his mandamus action by way of its motion to dismiss filed on October 3, 2011. Chine has not responded to the motion or sought leave to amend his complaint to comply with R.C. 2731.04. Therefore, Chine's omission is sufficient grounds to dismiss his mandamus action. *Blankenship*, supra.

{¶5} The board also argues that Chine's mandamus petition is barred by the doctrine of laches. "Relators in election cases must exercise the utmost diligence." *State ex rel. Fuller v. Medina Cty. Bd. of Elections,* 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶7. "'If relators do not act with the required promptness, laches may bar the action for extraordinary relief in an election-related matter.'" *State ex rel. Miller v. Cuyahoga Cty. Bd. of Elections,* 103 Ohio St.3d 477, 2004-Ohio-5532, 817 N.E.2d 1, ¶21, quoting *State ex rel. Steele v. Morrissey,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶12.

{¶6} The board cites *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, in support of its laches argument. *Rust* involved a prospective candidate in the November 8, 2005 election for the Toledo Board of Election. The prospective candidate filed his nominating petition, including his statement of candidacy, with the Lucas County Board of Elections on August 23, 2005. On September 8, 2005, the board of elections informed him that it was rejecting his petition and refusing to certify his candidacy because the number of signatures verified in the circulator's affidavit was less than the number of signatures appearing on the petition. Twenty-days later, on October 6, 2005, the prospective candidate sued the board in mandamus seeking to have his name placed on the ballot. The Ohio Supreme Court characterized petitioner's waiting twenty-eight days from the time the board notified him of its rejection of his candidacy to the time he filed his mandamus action as prejudicial and dilatory. The Court noted that by the time petitioner filed his mandamus action, the statutory deadline to have absentee ballots printed and ready for use had passed, citing R.C. 3509.01.

{¶7} Given the very time-sensitive nature of the election cases, Chine's conduct has been equally prejudicial and dilatory as the petitioner in *Rust.* Here, the

board of elections notified Chine that it was rejecting his petition on August 20, 2011. Chine waited thirty-eight days until September 27, 2011, to file this mandamus action.

### Substantive Merits

{¶8}   The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested act; and (3) the relator has no plain and adequate remedy at law. *State ex rel. Frease v. Wellington*, 7th Dist. No. 02-CA-54, 2002-Ohio-7455, at ¶4; *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 3, 591 N.E.2d 1186.

{¶9}   The board of elections has a statutory duty under R.C. 3501.11(K) to "[r]eview, examine, and certify the sufficiency and validity of petitions and nomination papers, and, after certification, return to the secretary of state all petitions and nomination papers that the secretary of state forwarded to the board[.]"

{¶10}  Absent language allowing substantial compliance, election statutes are mandatory and require strict compliance. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 915 N.E.2d 1215, 2009-Ohio-5327, ¶15.  Chine argues that his petition rejected by the board substantially complied with Ohio's election statutes, pointing to R.C. 3513.07, which governs the content and appearance of the form of declaration of candidacy and petition for candidate.  R.C. 3513.07, specifically allows for substantial compliance with its provisions: "The form of declaration of candidacy and petition of a person desiring to be a candidate for a party nomination or a candidate for election to an office or position to be voted for at a primary election shall be *substantially* as follows: * * *" (Emphasis added.)  That section then sets forth the content and appearance of that form.

{¶11}  Chine's reliance on the substantial-compliance language of R.C. 3513.07 is misguided.  The board did not reject Chine's petition because it did not substantially comply with R.C. 3513.07's petition form specifications.  Rather, the board rejected the petition because of the misstatement concerning the number of signatures contained in the petition.  The provision concerning the number of signatures on a petition is found in R.C. 3501.38(E)(1).  That provision employs mandatory language and does not allow for substantial compliance:

{¶12} "On each petition paper, the circulator *shall* (emphasis added) indicate the number of signatures contained on it, and shall sign a statement made under penalty of election falsification that the circulator witnessed the affixing of every signature, that all signers were to the best of the circulator's knowledge and belief qualified to sign, and that every signature is to the best of the circulator's knowledge and belief the signature of the person whose signature it purports to be or of an attorney in fact acting pursuant to section 3501.382 of the Revised Code.  * * *"

{¶13} Because R.C. 3501.38(E)(1)'s use of the word shall, the provision is mandatory and requires strict compliance. *Husted*, supra.  Additionally, R.C. 3501.38(E)(1) refers to the number of signatures contained on the petition, not the number of signatures appearing in the marked area for such signatures. Consequently, the verification on Chine's petition that it contained fifteen signatures when in fact it contained sixteen was not in strict compliance with R.C. 3501.38(E)(1)'s requirements.

{¶14} The purpose of R.C. 3501.38(E)(1)'s requirement "is to protect against signatures being added after the circulator's statement is made." *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶11.  The Ohio Supreme Court has deemed the requirement a "substantial, reasonable requirement." Id.; see, also, *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1992), 65 Ohio St.3d 167, 172, 602 N.E.2d 615, *State ex rel. Loss v. Lucas Cty. Bd. of Elections* (1972), 29 Ohio St.2d 233, 234, 58 O.O.2d 488, 281 N.E.2d 186.

{¶15} Chine states that the reason the circulator verified a number of signatures less than the number of signatures appearing on the petition was because one of the signatures was outside the marked area designated for signatures.  The petitioner in *Rust*, supra, advanced a similar argument, claiming that one of the signatures came from a person who was not qualified to sign the petition.  However, the Ohio Supreme Court noted that the circulator "could have complied with all of the requirements of R.C. 3501.38(E)(1) by striking the signatures of persons he had discovered to be unqualified before submitting the petition to the board of elections.

See R.C. 3501.38(G) ('The circulator of a petition may, before filing it in a public office, strike from it any signature the circulator does not wish to present as part of the petition'); *State ex rel. Oster v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 480, 484, 756 N.E.2d 649. Thus, [petitioner] was not left without any remedy when he discovered, before filing the petition, that an unqualified person had signed it." *Rust*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶14.

**{¶16}** Based on the foregoing, Chine is not entitled to the requested extraordinary relief in mandamus. Accordingly, we deny the writ.

**{¶17}** Costs taxed against Chine. Final order. Clerk to serve notice as provided by the Civil Rules.

Donofrio, J. concurs.

Vukovich, J. concurs.

DeGenaro, J. conurs.