THE STATE, EX REL. JANASIK, *v.* SAROSY ET AL., LAKE COUNTY BOARD OF ELECTIONS.

[Cite as *State, ex rel. Janasik, v. Sarosy,* 12 Ohio St. 2d 5.]

(No. 41249—Decided October 4, 1967.)

*Messrs. Kinchen, Matia & Mays* and *Mr. Charles E. Merchant,* for relator.

*Mr. Fred V. Skok,* prosecuting attorney, and *Mr. Paul H. Mitrovich,* for respondents.

*Per Curiam.* This is an action in prohibition originating in this court. In this action, relator seeks to prohibit the board of elections of Lake County from placing a referendum on an ordinance of the village of Willoughby Hills on the ballot.

Relator bases his argument on the fact that the circulators' affidavits do not comply with Section 3501.38(E), Revised Code, in that they do not contain the statement that "he witnessed the affixing of every signature."

Respondent denies it has any duty to check the validity of such referendum petitions. It argues that the duty is upon the clerk to make such determination and not on the board of elections.

Section 3501.11(K), Revised Code, provides that the board shall:

"Review, examine, and certify the sufficiency and validity of petitions and nomination papers * * *."

The first paragraph of the syllabus of *State, ex rel. Ehring, v. Bliss et al., Board of Elections of Summit County,* 155 Ohio St. 99, reads as follows:

"Under the provisions of Section 4785-13, General Code

[Section 3501.11, Revised Code], and cognate sections, a county board of elections is authorized to review, examine and certify the sufficiency and validity of petitions and nominating papers even in the absence of a protest thereto. (*State, ex rel. McGinley,* v. *Bliss et al., Board of Elections,* 149 Ohio St. 329, approved and followed.)''

Thus, even though such petitions are retained by the clerk and the initial duty is on such clerk to determine the validity of the petition, if a protest is made to the board as to the validity of the petitions it is incumbent on the board to examine and determine the validity of the petitions.

Section 3501.38(E), Revised Code, reads:

''Every petition paper shall bear the affidavit of the circulator that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be.''

An examination of the petition paper filed with the petition shows that the circulator's affidavit does omit the statement that he witnessed the affixing of each signature.

In *State, ex rel. Abrams,* v. *Bachrach et al., City Council of Cincinnati,* 175 Ohio St. 257, at 261, this court said:

''Thus, sound public policy dictates that the section requiring the affidavit of a circulator of an initiative petition to contain a statement that the signers thereof 'signed such petition with knowledge of the contents thereof' must be strictly complied with, and that the failure to include such statement will invalidate the petition.''

The same reasoning applies in the instant case.

*Writ allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.