THE STATE, EX REL. BUCHANON, *v.* STILLMAN ET AL., CUYAHOGA
COUNTY BOARD OF ELECTIONS.

[Cite as State, ex rel. Buchanon, v. Stillman, 12 Ohio St. 2d 13.]

(No. 41272—Decided November 1, 1967.)

*Messrs. Kinchen, Matia & Mays* and *Mr. Elliot M. Kaufman,* for relator.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Frederick W. Frey,* for respondents.

TAFT, C. J.  Section 3501.38 (E), Revised Code, provides that "every petition paper shall bear the affidavit of the circulator * * * that all signers were to the best of his knowledge

and belief qualified to sign." Therefore, where the circulators' affidavits to such petitions do not contain such statements, the board of elections can for that reason determine that the petitions are invalid, and it can thereby save the time and expense of checking the signatures and of determining that the signers thereof were qualified to sign.

Where the board of elections has not relied upon the fact, that such statement was omitted in the circulators' affidavits, as excusing it from checking the signatures of signers and determining whether they were qualified to sign the petitions and has determined that a sufficient number of signers were so qualified, such a statement by the circulator can no longer serve any useful purpose.

In our opinion, the only purpose of the General Assembly in requiring this sworn statement by the circulator was to provide protection for the board of elections,—not to provide a weapon for those who desired to attack the petitions where the board of elections did not take advantage of the protection provided for it.

In *State, ex rel. Blackwell,* v. *Bachrach* (1957), 166 Ohio St. 301, 143 N. E. 2d 127, the petitions had been rejected because the affidavits of the circulators thereof did not contain the statement required by Section 731.31, Revised Code, that the circulator "believes" the signers thereof "are electors of the municipal corporation" involved.

In that case, the affidavit attached to each petition stated that it contained a certain number of signatures of "electors." Although the affidavit did not state that they were electors of the municipal corporation involved, the heading of the petition read, "Petition of Electors of the City of Cincinnati." This court unanimously approved issuance of a writ of mandamus, requiring the city council to certify to the board of elections the question raised by the petitions. In order to do this, this court had to presume as valid those signatures which had not been checked and were not otherwise shown to be invalid. In our opinion, it would be even more technical to reject the petitions in the instant case, where the board has checked the signatures thereon and specifically determined that there are a sufficient

number of valid signatures, than it would have been to reject the petitions in the *Blackwell case*. See also *State, ex rel. Schwarz,* v. *Hamilton County Board of Elections* (1962), 173 Ohio St. 321, 181 N. E. 2d 888, and *State, ex rel. Keyse,* v. *Sarosy* (1963), 175 Ohio St. 237, 193 N. E. 2d 269.

The four to three decision in *State, ex rel. Abrams,* v. *Bachrach* (1963), 175 Ohio St. 257, 193 N. E. 2d 517, involved omission from the circulator's affidavit of the there statutorily required statement that the signers of the petition "signed such petition with knowledge of the contents thereof." This could not be determined by the board of elections from its records as could the qualifications of the signers as electors, which was involved in the *Blackwell case* and is involved in the instant case. Thus, the *Abrams case* is distinguishable from the *Blackwell case* and from the instant case. Likewise, our recent decision in *State, ex rel. Janasik,* v. *Sarosy* (1967), 12 Ohio St. 2d 5, is distinguishable from those cases. The omission there involved was the circulator's statement that "he witnessed the affixing of every signature." This is something that the board could not determine from its records.

*Writ denied.*

ZIMMERMAN, MATTHIAS, O'NEILL and HERBERT, JJ., concur.
SCHNEIDER and BROWN, JJ., dissent.

BROWN, J., dissenting. I cannot agree that the board of elections may in one case accept and in another case reject a petition in which the circulator's affidavit fails to contain specific language the inclusion of which is required by mandatory statutory language.

It is not necessary for us to speculate as to what the *apparent* intent of the General Assembly was in including in Section 3501.38 (E), Revised Code, the specific requirement that every affidavit contain a statement of the circulator's knowledge and belief that all signers were qualified to sign. I cannot imagine how the General Assembly could use stronger or clearer language.

Where a statute, in plain and unmistakable language, clearly expresses the legislative intent of the General Assembly in enacting it, courts may not go beyond such expressed intent to seek out an *apparent* legislative intent. 50 Ohio Jurisprudence 2d 139 *et seq.*, Sections 169 *et seq.* This, in the instant case, the majority has done.

The requirement here involved provides a basis for prosecution under Section 3599.36, Revised Code, in the event a circulator filed petitions knowing that they contained signatures of persons who were not "to the best of his knowledge and belief qualified to sign."

I see no need to rewrite this statute or to modify or distinguish the court's opinion in *State, ex rel. Abrams,* v. *Bachrach,* 175 Ohio St. 257.

SCHNEIDER, J., concurs in the foregoing dissenting opinion.