THE STATE, EX REL. EVERGREEN COMPANY, *v.* BOARD OF ELECTIONS OF FRANKLIN COUNTY.
THE STATE, EX REL. MUIRFIELD LTD., V. LANCIONE ET AL.

( Nos. 76-1057 and 76-1083—Decided October 27, 1976.)

Messrs. Moritz, McClure, Hughes & Hadley, Mr. James J. Hughes, Jr. and Mr. Thomas E. Moloney, for relator Evergreen Co.

Messrs. Vorys, Sater, Seymour & Pease, Mr. Herbert R. Brown and Mr. Michael G. Long, for relator Muirfield Ltd.

Mr. George C. Smith, prosecuting attorney, Mr. Charles I. Cohen and Mr. Frank A. Ray, for respondent Board of Elections.

Messrs. Feibel, Feibel, Shamansky & Rogovin, Mr. Richard D. Rogovin and Mr. James B. Feibel, for respondent intervenors.

Per Curiam. R. C. 731.31 provides, in part, that: "Each part of * * * [a referendum] petition shall contain the

affidavit of the person soliciting the signatures thereto, which affidavits shall state the number of signers of each such part and that to the best of his knowledge and belief each of the signatures contained on such part is the genuine signature of the person whose name it purports to be, that he believes such persons are electors of the municipal corporation, and that they signed such petition with knowledge of the contents thereof.

"An affidavit is a written declaration under oath * * *." R. C. 2319.02. In contradistinction, the statutory definition (R. C. 147.541) of the words "acknowledged before me" is that:

"(A) The person acknowledging appeared before the person taking the acknowledgement;

"(B) He acknowledged he executed the instrument * * *."

Inasmuch as the provisions of R. C. 731.31 require each part-petition to contain an affidavit of the person soliciting the signatures and the facts here show that the circulators were not placed under oath, it follows that there was a failure to comply with R. C. 731.31.

It is a basic principle of law that "* * * election statutes are mandatory and must be strictly complied with." *State, ex rel. Abrams,* v. *Bachrach* (1963), 175 Ohio St. 257, 259. *Cf. State, ex rel. Barton,* v. *Bd. of Elections* (1975), 44 Ohio St. 2d 33; *State, ex rel. Stillo,* v. *Gwin* (1969), 18 Ohio St. 2d 66; *State, ex rel. Janasik,* v. *Sarosy* (1967), 12 Ohio St. 2d 5.

Respondent-board argues that the omission of the statement that the instrument was "sworn to" should not invalidate the petition. Citing *Stern* v. *Bd. of Elections* (1968), 14 Ohio St. 2d 175, respondent asserts that "[n]ot even the omission of the notary's signature and seal invalidates an affidavit of the circulator of a petition."

Although it is true that in *Stern* the notary "inadvertently omitted to subscribe his signature to the jurat along side his printed name, and inadvertently omitted to imprint his metal seal upon the jurat," it is also true that the

circulator therein "took every action and performed every duty required of him by law" and "was placed under oath administered by the notary." (*Stern*, at pages 178 and 179.) Thus, the holding in *Stern* is not dispositive of the instant causes.

It is the conclusion of this court that the failure to comply with the provisions of R. C. 731.31, requiring each part-petition to contain an "affidavit of the person soliciting the signatures thereto," invalidates the referendum petition at issue in each cause.

*Writs allowed.*

O'NEILL, C. J., CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

HERBERT and CELEBREZZE, JJ., dissent.

HERBERT, J., dissenting. The cases at bar present a direct confrontation between a concededly *bona fide*, good-faith effort by Ohio citizens to exercise their constitutional right of referendum, and a statute enacted by the General Assembly to avoid fraud or misrepresentation in the exercise of that right. In my view, the decision of the majority sanctions " 'an unwarranted effort to prevent rather than promote the exercise of the constitutional right' " of referendum. *State, ex rel. Blackwell,* v. *Bachrach* (1957), 166 Ohio St. 301, 304, 143 N. E. 2d 127.

Section 1*f* of Article II of the Constitution of Ohio provides:

"The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law."

This court has long recognized that although the foregoing section is not self-executing, no law should be passed, or judicial determination announced, which unnecessarily

impinges upon the exercise of the important rights enunciated therein. As observed by Chief Justice Nichols, "it is the solemn duty of all courts to keep hands off and to avoid giving to the provisions of the constitution on that subject a strained construction which, by reason of its very burdensomeness and unreasonableness, would tend to depopularize it. Such character of construction is as unwarranted as judicial construction tending to weaken or emasculate the theory." *Shryock* v. *Zanesville* (1915), 92 Ohio St. 375, 386, 110 N. E. 937.

R. C. 731.31 contains many statements preceded by the word "shall." Were this court to adopt a consistent, strict construction deportment toward the statute, irrespective of any consideration other than the literal word enacted, it could be supposed that Chief Justice Nichols would indeed be restless in the hereafter. It could be argued logically that the framers of Section 1f never foresaw a judiciary which would permit the practical expungement of the section through a delineation of technical demands, full compliance with which would be achievable only by the proverbial Philadelphia lawyer.

Fortunately, however, this court has not always seen fit, in the past, to adopt a strict compliance stance toward the statute. *Substantial* compliance with R. C. 731.31 was found sufficient in *Blackwell, supra*, and the results reached in *State, ex rel. Abrams,* v. *Bachrach* (1963), 175 Ohio St. 257, 193 N. E. 2d 517, can hardly be commanding when the deep division of the court is considered.

In the instant cases, not one word appears to suggest that any petition signer was misled by his circulator (*cf. Markus* v. *Bd. of Elections* [1970], 22 Ohio St. 2d 197, 259 N. E. 2d 501); that any signer misapprehended the purpose of the petition; that any signer desired to change his or her mind or withdraw his or her signature; or that any activity engaged in by any person associated with the proposing of these referenda in any way smacked of fraud or other misbehavior.

In its wisdom as the people's representative, the Gen-

eral Assembly itself provides a clear clue to the attitude with which it views the "requirements" of R. C. 731.31. Near the end of the statute appears the following:

"The petitions and signatures upon such petitions shall be prima facie presumed to be in all respects sufficient. No ordinance or other measure submitted to the electors of any municipal corporation, and receiving an affirmative majority of the votes cast thereon, shall be held ineffective or void on account of the insufficiency of the petitions by which such submission of the ordinance or measure was procured, nor shall the rejection, by a majority of the votes cast thereon, of any ordinance or other measure submitted to the electors of such municipal corporation, be held invalid for such insufficiency."

Under the facts at bar, I would find that the foregoing statutory presumption of the validity of these petitions remains unrebutted, and that the issues sought to be presented to the citizens of Dublin for their resolution should remain on the ballot.

The ballot victory or defeat of these proposals, the weight of the arguments for and against them, the wisdom or lack thereof of the relative positions of their opponents and proponents—all of these matters are, naturally, of concern to those on each side of the controversies. But at this stage of the proceedings, I view the real winner or loser in these causes as being the faith which the people have in the system of government under which we all must function, and which we are all taught to nurture and respect.

CELEBREZZE, J., concurs in the foregoing dissenting opinion.