THE STATE EX REL. COLUMBIA RESERVE LTD. ET AL.
*v.* LORAIN COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Columbia Reserve Ltd. v. Lorain Cty. Bd. of Elections,* 111 Ohio St.3d 167, 2006-Ohio-5019.]

168

(No. 2006–1667—Submitted September 25, 2006—Decided September 29, 2006.)

**Per Curiam.**

{¶ 1} This is an expedited election case in which relators seek a writ of prohibition to prevent a board of elections from placing a zoning referendum on the November 7, 2006 ballot in Lorain County.

{¶ 2} Relator Columbia Reserve Ltd. is the developer of approximately 57.09 acres of land located at the southeast corner of Clarke and Snell Roads in Columbia Township, Lorain County, Ohio. The property consists of five parcels, including four owned by corporate entities named CMK Ltd. and Riverside Development, Inc., and one owned by Patricia and Joseph Webber.

{¶ 3} Columbia Reserve requested that Columbia Township rezone the property from R–3 Residential to R–1 Residential, and this request is the subject of Columbia Township Zoning Resolution No. 06–05 ("Resolution 06–05"). An R–3 Residential zoning classification requires that single-family residential dwellings in the township be constructed on parcels that contain a two-acre minimum lot size, whereas an R–1 Residential zoning classification permits these dwellings to be constructed on parcels with a less than one-half-acre minimum lot size. Columbia Reserve also requested that Columbia Township rezone the property from Residential to Planned Residential Development, and this request is the subject of Columbia Township Zoning Resolution No. 06–04 ("Resolution 06–04"). The approval of each zoning change is contingent upon the approval of the other.

{¶ 4} As part of its application to rezone the property from Residential to Planned Residential Development (Resolution 06–04), Columbia Reserve submitted a preliminary development plan, which included a drawing entitled "Columbia Reserve Existing Conditions." The drawing does not show all of the property that is subject to Columbia Reserve's zoning proposals. Instead, it shows less than half of the southernmost parcel of land.

{¶ 5} On June 8, 2006, the Columbia Township Zoning Commission approved Resolution 06–05 and advised the township board of trustees of that approval. On July 17, 2006, the board of trustees passed Resolution 06–05, attaching a map with the affected area of the proposed rezoning highlighted in yellow. Resolution 06–05 provides:

{¶ 6} "Proposed Zoning Amendment 06–05 is a request by Richard Beran, Columbia Reserve Ltd., on behalf of the property owners to rezone five parcels of land consisting of 57.09 acres located on the southeast corner of Clarke and Snell Roads from R3 Residential to R1 Residential. This rezoning request is for the purpose of a Planned Residential Development, the Columbia Reserve.

{¶ 7} "The five parcels included in this request for rezoning and the names of the property owners as they appear on the Lorain County Auditor's current tax list are: 12–00–004–000–006, 12–00–004–000–007, 12–00–003–000–046 and 12–00–003–000–054, all owned by CMK Ltd. and Riverside Development, Inc.; and 12–00–004–000–016, owned by Patricia and Joseph Webber.

{¶ 8} "Approval of Zoning Amendment 06–05 shall be contingent upon the final approval of Zoning Amendment 06–04.

{¶ 9} "Upon final approval of the both [sic] zoning amendments, the Official Columbia Township Zoning Map will be amended to reflect the changes. A copy of the zoning map indicating the location of the parcels proposed for rezoning is enclosed."

{¶ 10} On August 14, 2006, Mary Lou Berger, the Columbia Township Clerk, received a petition for a township zoning referendum on Resolution 06–05 at the November 7, 2006 general election. The petition comprised 53 part-petitions and 805 signatures. The petition included the same language as Resolution 06–05 for its brief summary of the proposed amendment, but unlike the actual resolution, the petition did not contain any attached map of the affected area.

{¶ 11} On that same date, the petitioners also filed a copy of the "Columbia Reserve Existing Conditions," which had been previously submitted by Columbia Reserve as part of its application to rezone the property from Residential to Planned Residential Development (Resolution 06–04). According to the referendum petitioners, they received the "Columbia Reserve Existing Conditions" map from the township when they requested an appropriate map of the affected area, and a township representative wrote the permanent-parcel numbers of the property subject to rezoning on that map.

{¶ 12} As noted previously, this document does not list or show all of the area that would be affected by the rezoning proposed by Resolution 06–05 because the southernmost parcel is only partially shown. In addition, the "Columbia Reserve Existing Conditions" map does not highlight the affected area. The referendum petitioners did not submit a copy of the map attached to Resolution 06–05 to the township clerk with their petition, even though some of the petitioners had previously received copies of this map with a notice of hearing sent by the township trustees.

{¶ 13} On August 17, 2006, the township clerk submitted the petition to respondent, Lorain County Board of Elections, to verify the number of valid signatures on the petition. On August 21, 2006, the Columbia Township Board of Trustees enacted Resolution No. 06–25, which certified certain facts regarding the referendum petition for Resolution No. 06–05, including that (1) an appropriate map of the area affected by the proposed zoning amendment was not attached to the petition filed with the township clerk and (2) the document labeled

"Columbia Reserve Existing Conditions," which was filed with the township clerk, "differs substantially and materially from the appropriate map of the area affected by the zoning proposal attached to Columbia Township Zoning Amendment No. 06–05 and is not a copy of such map." The board of elections determined that the referendum petition contained sufficient valid signatures for placement on the November 7, 2006 election ballot.

{¶ 14} On August 24, 2006, pursuant to R.C. 3501.39, relators, Columbia Reserve, Concerned Citizens for Smart Growth in Columbia, and Paul Dougher, filed a protest with the board of elections challenging the referendum petition. Concerned Citizens is a group of Columbia Township residents and citizens concerned about township zoning issues, and Dougher is the chairman of the group. Relators claimed that the petition was invalid because (1) petitioners failed to attach to their petition an appropriate map of the area affected by the zoning proposal, (2) petitioners failed to file an appropriate map of the area affected by the zoning proposal at the time they filed their petition with the township clerk, and (3) petitioners' brief summary of Resolution 06–05 is misleading and inaccurate and contains a material omission that would confuse or give a false impression to the average voter because petitioners failed to include an attached copy of the map with the petition.

{¶ 15} On August 29, 2006, the board of elections conducted a hearing on relators' protest and denied it. At the hearing, there was no evidence introduced that the referendum petition was misleading or inaccurate. The board of elections placed the referendum issue on the November 7, 2006 election ballot.

{¶ 16} On September 5, 2006, relators filed this expedited election action for a writ of prohibition to prevent the elections board from placing the referendum issue concerning Resolution 06–05 on the November 7, 2006 election ballot. The board of elections filed an answer on September 13, and the parties filed evidence and briefs pursuant to the expedited schedule in S.Ct.Prac.R. X(9).

{¶ 17} This cause is now before the court for a consideration of the merits.

### Requests to Strike Relators' Evidence

{¶ 18} In its merit brief, the board of elections asserts that the court should strike relators' attorney's affidavits, one of which is included in relators' evidence and the other of which is attached to the complaint. The board first asserts that relator's counsel's affidavits should be stricken because the attorney cannot provide evidence by affidavit in this case, and the affidavits are argumentative and contain legal conclusions.

{¶ 19} We deny the request to strike for the following reasons.

{¶ 20} First, the board did not file a motion to strike pursuant to S.Ct.Prac.R. XIV(4)(A) ("Unless otherwise prohibited by these rules, an application for an order or other relief shall be made by filing a motion for the order or relief").

{¶ 21} Second, the board cites no specific rule in support of its initial, broad requests to completely strike the affidavits.

{¶ 22} Third, affidavits of counsel are generally permissible in original actions filed in this court. S.Ct.Prac.R. X(4)(B) ("All complaints shall contain a specific statement of facts upon which the claim for relief is based, *shall be supported by an affidavit of the relator or counsel* specifying the details of the claim, and may be accompanied by a memorandum in support of the writ" (emphasis added)); cf. *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379, paragraph one of the syllabus ("DR 5–102(A) does not render an attorney incompetent to testify as a witness in a proceeding in which he is representing a litigant. When an attorney seeks to testify, his employment as counsel goes to the weight, not the competency, of his testimony").

{¶ 23} Fourth, insofar as relators' counsel's affidavits contain legal arguments and conclusions, we will disregard these statements.

{¶ 24} The board also objects to specific paragraphs of the attorney's affidavit submitted as part of relators' evidence, which it claims should be stricken and disregarded for "obvious reasons." The board did not, however, specify any objection.

{¶ 25} The board finally objects to the attachment of a Lorain County Auditor Map to one of relator's counsel's affidavits on the basis that it is not properly authenticated. "[E]vidence submitted under the Supreme Court Rules of Practice in an original action in this court should comport with the Rules of Evidence." *State ex rel. Brenders v. Hall* (1995), 71 Ohio St.3d 632, 637, 646 N.E.2d 822, fn. 1. These rules also generally apply in election-related writ cases. See, e.g., *State ex rel. Taft v. Franklin Cty. Court of Common Pleas* (1992), 63 Ohio St.3d 190, 192–193, 586 N.E.2d 114 (court granted motion to strike exhibits in prohibition action because they were not properly authenticated under Evid.R. 902(4)). The board's objection, however, lacks merit. Although the map is not self-authenticated because it is not certified as correct by the custodian or other person authorized to make the certification, Evid.R. 902(4), there are other methods of authentication. Here, the map is properly authenticated by relators' counsel's affidavit. See Evid.R. 901(B)(7) (authentication of a public record can be made by "[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept").

{¶ 26} Based on the foregoing, the board's requests to strike relators' evidence lack merit, and we deny them.

## Prohibition

{¶ 27} Relators request a writ of prohibition to prevent the submission of Resolution 06–05, which would rezone the subject property from R3 Residential to R1 Residential, contingent upon the passage of Resolution 06–04, to the electorate at the November 7, 2006 election. In order to be entitled to the writ, relators must establish that (1) the board of elections is about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Choices for South–Western City Schools v. Anthony,* 108 Ohio St.3d 1, 2005–Ohio–5362, 840 N.E.2d 582, ¶ 29.

{¶ 28} Relators have established the first and third requirements for the writ. The board of elections exercised quasi-judicial authority by denying relators' protest after conducting a hearing that included sworn testimony. *Tatman v. Fairfield Cty. Bd. of Elections,* 102 Ohio St.3d 425, 2004–Ohio–3701, 811 N.E.2d 1130, ¶ 14 ("even if the board already exercised its quasi-judicial power by denying [the] protest, relief in prohibition is still available to prevent the placement of names or issues on a ballot, as long as the election has not yet been held"). In addition, because of the proximity of the election date in this expedited election case, relators lack an adequate remedy in the ordinary course of law. *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 291–292, 649 N.E.2d 1205.

{¶ 29} Therefore, the dispositive issue is whether the board of elections' denial of relators' protest and submission of the resolution to the electorate was unauthorized by law. "In extraordinary actions contesting a board of elections decision, we must determine whether the board acted fraudulently or corruptly, abused its discretion, or clearly disregarded applicable law." *State ex rel. Brown v. Butler Cty. Bd. of Elections,* 109 Ohio St.3d 63, 2006–Ohio–1292, 846 N.E.2d 8, ¶ 23. Because there is no allegation of fraud or corruption here, relators must establish that the board of elections abused its discretion or clearly disregarded applicable law by denying their protest. " 'An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude.' " Id., quoting *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 305, 686 N.E.2d 238.

## R.C. 519.12(H)

### Appropriate–Map Requirement

{¶ 30} Relators assert that the board of elections abused its discretion and clearly disregarded the appropriate-map requirement of R.C. 519.12(H) because

no map was attached to the referendum petition when it was circulated for signatures and no appropriate map accompanied the petition when it was filed with the board of township trustees.

{¶ 31} Regarding relators' first contention, R.C. 519.12(H) provides that any township-zoning referendum petition "shall be filed with the board of township trustees and shall be accompanied by an appropriate map of the area affected by the zoning proposal." R.C. 519.12(H) requires that the referendum petition be accompanied by the map when the petition is filed with the board of township trustees. See *State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005–Ohio–4758, 835 N.E.2d 336, ¶ 60, quoting *State ex rel. Oberer Dev. Co. v. Montgomery Cty. Bd. of Elections* (Sept. 13, 1996), Montgomery App. No. 16075, 1996 WL 532335, 1996 WL 532335, at * 4 (" 'the legislative requirement that the map accompany the petition when filed with the board of township trustees * * * is plainly mandatory' ").

{¶ 32} By contrast, a separate provision in R.C. 519.12(H) specifies that "[e]ach part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment is known and a brief summary of its contents." Notably absent from this sentence is any requirement that each part-petition that is being circulated for signatures also contain a map of the area affected by the zoning proposal. We will not add a requirement that does not exist in the statute. See *State ex rel. Russo v. McDonnell*, 110 Ohio St.3d 144, 2006–Ohio–3459, 852 N.E.2d 145, ¶ 50 (court cannot add language to statute or rule).

{¶ 33} Therefore, the board of elections neither abused its discretion nor clearly disregarded applicable law by denying relators' contention that the referendum petition violated the R.C. 519.12(H) appropriate-map requirement because it contained no attached map when circulated for signatures.

{¶ 34} For relators' contention that the referendum petition violated the R.C. 519.12(H) appropriate-map requirement because no such map accompanied the petition when it was filed with the township board of trustees, "[a] map accompanying a referendum petition should be considered appropriate or suitable for purposes of R.C. 519.12(H) if it does not mislead the average person about the area affected by the zoning resolution." *McCord*, 106 Ohio St.3d 346, 2005–Ohio–4758, 835 N.E.2d 336, ¶ 63. Notwithstanding the board's contentions to the contrary, this is an objective rather than a subjective test. Id. at ¶ 63–65; cf. *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 193, 541 N.E.2d 80 (court applies objective test to determine whether referendum-petition summary is fatally confusing or misleading because "[a]pplication of the subjective test * * * would require calling every Brown Township elector as a witness before it could be determined that no one was misled").

{¶ 35} The map filed by the referendum petitioners with their petition was a drawing previously submitted by Columbia Reserve as part of its application regarding Resolution 06–04, not Resolution 06–05, which is the subject of the referendum here. The uncontroverted evidence establishes that the map is inaccurate and misleading because it does not include all of the area affected by Resolution 06–05 and does not highlight that area. The referendum petitioners could have easily avoided this defect by filing the map approved by the board of township trustees and attached to Resolution 06–05 to indicate the area affected by the proposed rezoning. See *State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections,* 109 Ohio St.3d 212, 2006–Ohio–1666, 846 N.E.2d 1223, ¶ 56 ("we will also refrain from penalizing these electors for attaching a map that has been approved by the board of trustees as accurately depicting the zoning amendments"). The township board of trustees expressly determined that the map used by the referendum petitioners differed "substantially and materially" from the one that it approved and attached to Resolution 06–05.

{¶ 36} Instead of simply filing the map approved by the board of township trustees, the referendum petitioners employed a map that failed to accurately outline the area affected by the zoning amendment in Resolution 06–05. By doing so, they could have misled the average person about the area subject to the proposed rezoning. See, e.g., *McCord,* 106 Ohio St.3d 346, 2005–Ohio–4758, 835 N.E.2d 336, ¶ 64–65 (map did not satisfy R.C. 519.12(H) appropriate-map requirement because it did not indicate the proper boundary for the property to be rezoned). The mere fact that the petitioners received the inaccurate map from the township does not alter their duty under R.C. 519.12(H) to submit an appropriate map with their petition. See, e.g., *State ex rel. Moore v. Malone,* 96 Ohio St.3d 417, 2002–Ohio–4821, 775 N.E.2d 812, ¶ 40 (mistaken advice by the board of elections did not estop the board or the clerk of city council from invalidating the referendum petition); *Cooker Restaurant Corp.,* 80 Ohio St.3d at 307, 686 N.E.2d 238.

{¶ 37} Therefore, the referendum petitioners failed to comply with the appropriate-map requirement of R.C. 519.12(H).

## R.C. 519.12(H)

### Brief–Summary Requirement

{¶ 38} R.C. 519.12(H) requires that each part of a petition seeking a referendum on a township zoning amendment shall contain "a brief summary of its contents." "The phrase 'brief summary of its contents' refers to the zoning resolution passed by the township trustees." *State ex rel O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502. "The summary must be accurate and unambiguous; otherwise, the petition is invalid

and the subject resolution will not be submitted for vote." *S.I. Dev. & Constr., L.L.C. v. Medina Cty. Bd. of Elections,* 100 Ohio St.3d 272, 2003–Ohio–5791, 798 N.E.2d 587, ¶ 17.

{¶ 39} Relators claim that the summary contained in the referendum petition was defective because it did not include the original map attached to the resolution of the area subject to the proposed rezoning. Relators' claim lacks merit. "[W]hen a referendum petition's summary of a resolution contains substantially the same wording as the resolution itself, * * * the summary complies with the statutory requirement, even when the summary fails to include a statement regarding the meaning of zoning classifications, the purpose of the zoning change, or the uses specified in the development plan approved by the resolution." *McCord,* 106 Ohio St.3d 346, 2005–Ohio–4758, 835 N.E.2d 336, ¶ 43. Thus, "[i]nclusion of the full text of the amendment * * * generally satisfies the [statutory] 'brief summary' requirement." *O'Beirne,* 80 Ohio St.3d at 180, 685 N.E.2d 502.

{¶ 40} The summary of Resolution 06–05 in the referendum petition accurately described the resolution in language identical to the language used by the board of township trustees in adopting the resolution. Although the resolution and the petition summary closed with the language, "A copy of the zoning map indicating the location of the parcels proposed for rezoning is enclosed," and no map was attached to the petition, the map was not part of the text of the resolution and was not required to be included in the petition's summary. While, in hindsight, it may have been preferable for the referendum petitioners to have attached a map to the petition to give petition signers a better understanding of the resolution, there was no requirement that they do so. " 'We will not penalize the township electors' attempt to exercise their right of referendum for summarizing the resolution with substantially the same wording as the resolution itself.' " *Brown,* 109 Ohio St.3d 63, 2006–Ohio–1292, 846 N.E.2d 8, ¶ 29, quoting *State ex rel. C.V. Perry & Co. v. Licking Cty. Bd. of Elections* (2002), 94 Ohio St.3d 442, 445, 764 N.E.2d 411.

{¶ 41} Therefore, the referendum petition satisfied the brief-summary requirement of R.C. 519.12(H).

## Conclusion

{¶ 42} For the foregoing reasons, the board of elections abused its discretion and clearly disregarded applicable law by denying relators' protest and placing the resolution on the ballot. The appropriate-map requirement demands strict compliance. *McCord,* 106 Ohio St.3d 346, 2005–Ohio–4758, 835 N.E.2d 336, ¶ 39; *State ex rel. Ditmars v. McSweeney* (2002), 94 Ohio St.3d 472, 764 N.E.2d 971 ("the settled rule is that election laws are mandatory and require strict compliance and that substantial compliance is acceptable only when an election provision

expressly states that it is"). The petition failed to comply with the appropriate-map requirement of R.C. 519.12(H) because the map accompanying the petition when it was filed with the board of township trustees was inaccurate and could have reasonably misled the average person about the area affected by the proposed rezoning. Therefore, we grant the requested writ of prohibition to prevent the board of elections from submitting Columbia Township Zoning Resolution No. 06–05 to the township electorate at the November 7, 2006 election.

Writ granted.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., concurs separately.

---

**LANZINGER, J., concurring.**

{¶ 43} This is a cautionary tale concerning the unforgiving nature of election laws. The referendum petitioners wanted to submit the rezoning resolution to the electorate at the November 7, 2006 election. To this end, they collected 805 signatures and submitted them, along with other paperwork, to the township clerk for filing with the board of elections. Apparently relying upon someone employed by the township to help them fulfill the requirement of R.C. 519.12(H), they received the "Columbia Reserve Existing Conditions" map with permanent-parcel numbers of the property affected by rezoning when they requested an appropriate map of the affected area. It was the wrong map.

{¶ 44} The majority notes that "[t]he referendum petitioners could have easily avoided this defect by filing the map approved by the board of township trustees and attached to Resolution 06–05 to indicate the area affected by the proposed rezoning."

{¶ 45} Although I question how "easily" this could have been done, the point remains that the law is clear. The petitioners' receipt of an inaccurate map from the township does not alter their duty under R.C. 519.12(H) to submit an appropriate map with their petition. The general rule is that unless there is language allowing substantial compliance, election statutes are mandatory and must be strictly complied with. *State ex rel. Evergreen Co. v. Franklin Cty. Bd. of Elections* (1976), 48 Ohio St.2d 29, 31, 2 O.O.3d 126, 356 N.E.2d 716. Unfortunately, those who ignore this rule do so at their peril. I reluctantly concur in the judgment.

---

Phillips & Co., L.P.A., and Gerald W. Phillips, for relators.

Dennis P. Will, Lorain County Prosecuting Attorney, and M. Robert Flanagan and Scott F. Serazin, Assistant Prosecuting Attorneys, for respondent.