[Cite as *Cherry Lane Dev., L.L.C. v. Walnut, C & DD, L.L.C.*, 2012-Ohio-3559.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| CHERRY LANE DEVELOPMENT, LLC, et al., | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
|  | : | Julie A. Edwards, J. |
| Plaintiffs-Appellees | : |  |
|  | : | Case No. 2011CA00049 |
| -vs- | : |  |
|  | : |  |
|  | : | O P I N I O N |
| WALNUT, C & DD, LLC, et al., | : |  |
|  |  |  |
| Defendants-Appellants |  |  |

CHARACTER OF PROCEEDING:        Civil Appeal from Fairfield County
Court of Common Pleas Case No.
09CV774

JUDGMENT:        Vacated, Final Judgment Entered

DATE OF JUDGMENT ENTRY:        August 3, 2012

APPEARANCES:

For Plaintiffs-Appellees

For Defendants-Appellants Jerry
Mock, Barbara Mock, and Walnut C &
DD, LLC

TODD D. PECHAR
DANIEL J. FRUTH
CHARLES M. ELSEA
Stebelton, Aranda & Snider
109 N. Broad Street, Suite 200
Lancaster, Ohio  43130

D. JOE GRIFFITH
CARRIE SNOKE LOTT
Dagger, Johnston, Miller,
Ogilvie & Hampson
144 East Main Street
P.O. Box 667
Lancaster, Ohio 43130

For Defendants-Appellee's Walnut Township, et. al.
STEVEN A. DAVIS
Crabbe, Brown & James, LLP
111 South Broad Street, Suite 209
Lancaster, Ohio 43130

LAURA MACGREGOR COMEK
Crabbe, Brown & James, LLP
500 South Front Street, Suite 1200
Columbus, Ohio  43215

MICHAEL A. CYPHERT
Walter & Haverfield, LLP
The Tower at Erieview
1301 East Ninth Street, Suite 3500
Cleveland, Ohio  44114-1821

For *Amicus Curiae* State of Ohio

MICHAEL DEWINE
Attorney General of Ohio

ROBERT C. MOORMANN
Counsel of Record
NICHOLAS J. BRYAN
Assistant Attorneys General
30 East Broad Street, 17th Floor
Columbus, Ohio  43215

*Edwards, J.*

{¶1} Appellants Walnut C&DD, LLC, Barbara S. Mock and Jerry L. Mock (collectively "Mocks") appeal a judgment of the Fairfield County Common Pleas Court finding that Walnut Township failed to comply with the requirements of R.C. 519.12 and its own zoning resolution in changing the zoning of appellants' property from Industrial 1 (I-1) to Industrial 2 (I-2). Appellees are Walnut Township, Walnut Township Zoning Commisson, Ralph Reeb, Ralph Zollinger, Allen Dupler, Pauline Ety and Walter Gabriel (collectively "Walnut Township"); and Cherry Lane Development, LLC, Ronald DiPaolo and Irene DiPaolo (collectively "DiPaolos").

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} The Mocks own 65.9 acres in Walnut Township. Cherry Lane owns property lying north of and contiguous to the Mocks' property. Ronald and Irene DiPaolo are members of Cherry Lane Development, LLC.

{¶3} In February of 2008, the Mocks applied to the township to change the zoning of their property from I-1 (light industrial) to I-2 (general industrial). The Walnut Township Zoning Commission set the matter for public hearing on March 6, 2008. The DiPaolos attended the hearing with their attorney. At the hearing, the Mocks explained that they were currently operating a roll-off trash container business, a stone yard and a recycling business on their property and wanted to split off three lots and sell them to businesses that needed I-2 zoning in order to operate on the property. The DiPaolos objected to the rezoning, notified the Commission that the Mocks had contacted the EPA that week about constructing a demolition landfill and presented a petition containing 27 signatures of neighboring landowners who opposed the rezoning. The

DiPaolos believed that the Mocks were attempting to have their property rezoned in order to construct a construction and demolition debris (C&DD) landfill next to the Cherry Lane Development, which would diminish the value of the DiPaolos' property.

{¶4} At the conclusion of the hearing, the Commission chose not to make a recommendation because it had not yet received the Regional Planning Commission's recommendation. The Zoning Commission tabled the matter until its April 3, 2008, meeting.

{¶5} The Regional Planning Commission met on April 1, 2008, for a public hearing on the Mocks request for rezoning. The DiPaolos were present at this meeting and voiced their objections. The Regional Planning Commission recommended approval of the zoning change.

{¶6} The Zoning Commission met on April 3, 2008, read the Regional Planning Commission's recommendation into the record, and passed a motion recommending that the Board of Trustees adopt the zoning change.

{¶7} On April 8, 2008, the Walnut Township Trustees met in regular session, received the recommendation of the Zoning Commission and set a public hearing for April 22, 2008. The trustees convened as planned on April 22, 2008, but rescheduled the hearing for May 6, 2008, because the notices publicizing the hearing failed to comply with R.C. 519.12(F). Notice of the May 6, 2008, hearing was mailed to neighboring property owners, including Cherry Lane Development, and published in the newspaper.

{¶8}   At the May 6, 2008, hearing, the DiPaolos once again vehemently objected to the zoning change.  The township trustees approved the zoning change in Resolution 15-08.

{¶9}   On December 11, 2008, Walnut C&DD, LLC, a company owned by the Mocks, obtained a site specific license to operate a C&DD facility on their property from the Fairfield Department of Health, acting on behalf of the Ohio Environmental Protection Agency.  Such a facility is permissible in an area zoned I-2, but not in an area zoned I-1.  The license has been renewed yearly.

{¶10}  The DiPaolos brought the instant action on June 11, 2009, in the Fairfield County Common Pleas Court, challenging the procedure used by the Township in adopting the zoning change.  They sought a declaration that the new Zoning Resolution was null and void, and a writ of mandamus ordering the township to enforce the old Zoning Resolution with respect to the Mocks' property.  They also sought both preliminary and permanent injunctions to prevent the Mocks from constructing a C&DD facility on their property and to prevent the township and its agents from issuing licenses or permits in accordance with Resolution 15-08.

{¶11}  The Mocks filed counterclaims against the DiPaolos and cross-claims against the Township.  They further filed third party complaints against the trustees individually.

{¶12}  On April 26, 2010, the trial court found that Resolution 15-08 was null and void because the township failed to comply with R.C. 519.12 and its own Zoning Resolution in adopting the change.

**{¶13}** The Mocks moved the trial court for leave to amend their cross-claim against the Township to state a claim for declaratory relief as to whether the Mocks may operate a C&DD facility on the property pursuant to a state license. The court granted the motion on March 24, 2011. Both parties filed motions for summary judgment. On August 26, 2011, the trial court sustained the Mocks' motion for summary judgment, declaring that the Walnut Township Zoning Resolution as applied to the portion of the Mocks property covered by the 2011 C&DD license was invalid and could not be enforced, as state law preempted the zoning ordinance.

**{¶14}** The Mocks appeal the April 26, 2010, judgment, assigning a single error:

**{¶15}** "THE TRIAL COURT ERRED IN FINDING THAT WALNUT TOWNSHIP FAILED TO COMPLY WITH R.C. §519.12 AND ITS OWN ZONING RESOLUTION."

**{¶16}** Appellees argue that appellants waived this argument by stipulating that the property was zoned I-1 light industrial in connection with the court's resolution of the issues raised in the Mocks' cross-claim concerning state preemption. We disagree. The stipulation was an accurate reflection of the state of the zoning at the time, based on the court's decision on April 26, 2010, that Resolution 15-08 was null and void. The stipulation did not waive appellants' rights to challenge the April 26, 2010, judgment of the trial court.

**{¶17}** Appellants argue that the trial court improperly counted the number of days in concluding that the May 6, 2008, hearing was not held within 30 days of the township trustees' receipt of the recommendation of the zoning commission as required by R.C. 519.12(E), which provides in pertinent part:

{¶18} "The township zoning commission, within thirty days after the hearing, shall recommend the approval or denial of the proposed amendment, or the approval of some modification of it, and submit that recommendation together with the motion, application, or resolution involved, the text and map pertaining to the proposed amendment, and the recommendation of the county or regional planning commission on it to the board of township trustees.

{¶19} "The board of township trustees, upon receipt of that recommendation, shall set a time for a public hearing on the proposed amendment, which date shall not be more than thirty days from the date of the receipt of that recommendation. Notice of the hearing shall be given by the board by one publication in one or more newspapers of general circulation in the township, at least ten days before the date of the hearing."

{¶20} Appellees argue that the board of township trustees received the notice on April 3, 2008, which is the date the zoning commission recommended approval of the resolution, and the May 6, 2008, hearing was therefore held more than thirty days from the receipt of the recommendation. Appellants argue the board of township trustees received the notice on April 8, 2008, which is the date of their first meeting following the recommendation and the date on which the board formally received the recommendation.

{¶21} We agree with appellants. If the date of the recommendation was the date the board of trustees received the recommendation, there would be no need to distinguish between the two dates in the statute. However, R.C. 519.12(E) specifically states that the board must hold a hearing not more than thirty days from the date of receipt of the recommendation, and does not state that the hearing must be held within

thirty days of the zoning commission's recommendation. Until the board of township trustees convenes for a meeting, the board has no opportunity to receive the recommendation or to act on setting a hearing date. The fact that several of the township trustees were individually present at the zoning commission's hearing and heard the recommendation on April 3, 2008, does not give the board as a whole the opportunity to receive and act on the recommendation.

**{¶22}** We therefore, find the trial court erred in holding that the meeting hearing was not held in a timely fashion. The board of township trustees received the recommendation on April 8, 2008. The public hearing was held on May 6, 2008, within 30 days of receipt of the recommendation as required by R.C. 519.12 and the Walnut Township zoning resolution.

**{¶23}** Appellants next argue that the trial court erred in finding that the township did not substantially comply with the requirements of R.C. 519.12 and its own zoning resolution in adopting Resolution 15-08.

**{¶24}** The standard to be applied to procedures of nonlegislative bodies involved in the zoning amendment process is "substantial compliance." *Kroeger v. Standard Oil Co. of Ohio, Inc.,* 12th Dist. Nos. CA88-11-086, CA88-11-087, 1989 WL 87837 (August 7, 1989). We must determine if the notice given by the zoning commission substantially complied with the requirements of R.C. 519.12 and whether any interested party was prejudiced by the defects in the notice. *Id.,* citing *Schlagheck v. Winterfield* (1958), 108 Ohio App. 299, 307-08.

**{¶25}** The trial court first found that the application filed by the Mocks did not comply with Zoning Resolution §1102.2 because the application failed to provide a legal

description of the property affected, failed to include a present or proposed use, did not include a vicinity map showing property lines, streets, and existing and proposed zoning, and did not list all property owners and their addresses contiguous to and directly across the street from their property.

**{¶26}** The DiPaolos did not demonstrate prejudice from any of the defects in the application. The record reflects that they attended the initial March 6, 2008, hearing; thus, they received notice of the hearing. The information missing from the application was provided at the hearing. The proposed zoning ordinance submitted by the Mocks had attached to it their deed to the property, which included the legal descriptions. Two maps were submitted with the agenda presented by the Mocks, and the information concerning the present and proposed zoning was discussed at the hearing. The Mocks explained their current business operations, and stated that they wanted to sell lots to three businesses which needed I-2 zoning. The DiPaolos were prepared to discuss the issue of proposed use of the property, as they expressed concern that the Mocks true intent was to open a C&DD landfill, and they presented the commission with 27 signatures of those opposing the zoning change. The DiPaolos clearly participated fully in the first hearing and the record does not reflect that they were prejudiced by the defects in the application.

**{¶27}** The trial court also found that the Zoning Commission's notice to the neighbors failed to state the addresses of both of the Mocks' parcels that were the subject of the rezoning as required by R.C. 519.12(C)(3), the location where the proposed amendment could be inspected prior to the public hearing as required by R.C.

519.12(C)(5), and that the commission would submit the matter to the trustees for their action after the commission's hearing as required by R.C. 519.12(C)(7).

**{¶28}** Again, the record does not reflect that the DiPaolos were prejudiced in any manner by these defects in the notice. The exhibits entered into evidence by the parties in this case clearly reflect that the DiPaolos participated fully in all hearings to voice their objections and were fully aware of the nature of the zoning change and the exact property subject to the proposed change.

**{¶29}** The trial court also found that no written notice was issued for the April 3, 2008, Zoning Commission hearing as required by R.C. 519.12(C), Z.R. §1102.6 and Z.R. §1102.7. Again, the DiPaolos were not prejudiced in any way by the lack of written notice. They were present at the March 6, 2008, public hearing where they were verbally told that the next hearing would be April 3, 2008, and the Zoning Commission's recommendation would be announced at that time. They attended the meeting on April 3, 2008, so clearly they were aware of the meeting and were not prejudiced by not receiving written notice.

**{¶30}** Finally, the court found that the maps attached to the notice mailed by the trustees to the Mocks' neighbors informing them of the public hearing were incorrectly highlighted, included parcel numbers that did not correspond to the Mocks' actual parcel numbers, and listed persons other than the Mocks as owners of the parcels. The DiPaolos argue that they were prejudiced because when they presented these maps with their petition for referendum of Resolution 15-08, they were rejected by the Fairfield County Board of Elections, thus stopping their efforts to have the trustees' action overturned by referendum.

**{¶31}** The mere fact that petitioners for a referendum receive an inaccurate map from the township does not alter their duty under R.C. 519.12(H) to submit an accurate map with their petition. *State ex rel. Columbia Reserve Ltd. v. Lorain County Bd. of Elections,* 111 Ohio St.3d 167, 855 N.E.2d 815, 2006-Ohio-5019, ¶36. The duty was, therefore, on appellants to ensure that their map was accurate pursuant to the laws governing referendum petitions. Further, the Ohio Supreme Court has held that township electors seeking to exercise their right of referendum need not attach a map that is more accurate than the map that was approved by the board of trustees. *State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections,* 109 Ohio St.3d 212, 846 N.E.2d 1223, 2006-Ohio-1666, ¶56. The DiPaolos therefore could have challenged the decision of the Fairfield County Board of Elections concerning their reliance on the map approved by the trustees.

**{¶32}** The assignment of error is sustained.

{¶33} The April 26, 2010, judgment of the Fairfield County Common Pleas Court declaring Resolution 15-08 to be null and void is vacated. Pursuant to App. R. 12(B), we hereby enter final judgment reinstating Zoning Resolution 15-08. Costs to appellees.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/0501

[Cite as *Cherry Lane Dev., L.L.C. v. Walnut, C & DD, L.L.C.*, 2012-Ohio-3559.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CHERRY LANE DEVELOPMENT, LLC,
et al.,                                              :
                                                      :
          Plaintiffs-Appellees          :
                                                      :
                                                      :
-vs-                                                 :          JUDGMENT ENTRY
                                                      :
WALNUT C & DD, LLC, et al.,              :
                                                      :
          Defendants-Appellants       :          CASE NO. 2011CA00049


For the reasons stated in our accompanying Memorandum-Opinion on file, the April 26, 2010, appeal of the Fairfield County Court of Common Pleas is vacated pursuant to App.R. 12(B), we hereby enter final judgment reinstating Zoning Resolution 15-08. Costs assessed to appellees.


                  _____

                  _____

                  _____

                              JUDGES